### ELLEN AND M. J. LYONS *vs.* ALEXANDER BAIN AND JOHN ALEXANDER.

By accepting the fruits of a decree rendered in the District court, a party is estopped from appealing from the decree, and the fact that all money received, excepting the statutory attorney fee, was afterward returned, does not change the doctrine.

Such acceptance by the attorney, as a general rule, will be regarded as an acceptance by his client.

The receipt by the attorney of a party to a judgment given to the clerk of the District court, for money paid into the clerk's office, in satisfaction of the judgment, and filed with the papers in the case wherein the judgment was rendered is, under Section 435, Code 1873, one of "all matters pertaining to the case," and hence, is properly sent to this court as a part of the transcript.

Error to Third Judicial District, holding terms at Port Townsend.

*James McNaught* for appellant.

*I. M. Hall* for appellee.

Opinion by WINGARD, Associate Justice.

In the above case *inter alia* it was ordered that a decree be drawn, allowing a lien on the land in question of $200.00, and if not paid in 30 days from the date, Nov. 17th, A. D. 1874, the land to be sold to satisfy the same, injunction to be made perpetual on all lands upon such payment. On the same day, to wit, Nov. 17th, 1874, said decree was drawn and entered, in conformity to said order.

It further appears by a certified transcript of the entries in the judgment docket, that on the same day the plaintiff, M. J. Lyons, paid the $200.00 aforesaid into court; that C. M. Bradshaw, Esq., then, and still, an attorney of record in the case for defendants, on the same day received the attorney fee of $10.00 taxed in the case, and a receipt of said Bradshaw is produced as follows, after stating the parties to the suit: "Received of James Seavey, clerk of the District court, $100.00, on decree rendered in the above case.

"C. M. BRADSHAW, *Attorney for Bain.*"

The clerk of the court below, James Seavey, aforesaid, duly certifies under his hand and the seal of the court, that the foregoing is a "true and correct copy of the receipt for money paid by me, from money received from plaintiffs, in the above entitled cause, on decree rendered Nov. 17th, 1874"

It is stated in a *note* to the foregoing matters certified by the clerk, that the sum of $100.00 was returned July 15th, 1875, by Charles M. Bradshaw, attorney for Bain.

The defendants in error, appearing specially, file a motion in this court to dismiss the writ of error in this cause, for several reasons assigned.

The second reason, which is the only one this court regards, is as follows: "Plaintiffs in error have accepted the money paid into court by these defendants to satisfy the decree of the court below, and cannot therefore be permitted to litigate further."

Section 435, code 1873, provides that the transcript shall contain a copy of the pleadings, etc., and "all matters pertaining to the case."

The entries in the judgment docket, and the receipt of an attorney of record, to the clerk of the court for moneys paid into court, are matters pertaining to the case:

The acceptance by an attorney of record, of the money paid into court, in pursuance of an order or decree of the court, is an acceptance by his client, and the client is, in general, bound thereby, and we think was bound in this case.

One hundred dollars of the money was receipted for, and

taken, as also the costs and attorney fee, the same day the decree was made.

Shall the party be permitted at any time afterward to return part of the money, or even the whole of it into court, and wage a writ of error ? Or shall his attorney be permitted to chop round and return a part of the money to facilitate the same end? We think not.

If the clerk did not perfect the record according to Section 310, Practice Act; it was his duty to have done so, and innocent parties should not suffer from his neglect.

The payment of the money into court was in the nature of a tender. The plaintiff was not bound to take it out, but having done so his act is a termination of his right to further litigation.