[No. 32978.    Department One.    April 28, 1955.]

AMELIA POTTER, *Appellant*, v. NORMAN POTTER, *Respondent*.[1]

[1]Reported in 282 P. (2d) 1052.

*Brightman, Roberts & Holm,* for appellant.

*Thomas G. McCrea,* for respondent.

HAMLEY, C. J.—Plaintiff appeals from the decree entered in this divorce action.

■ While not complaining of the decretal provision granting respondent a divorce, appellant contends that the trial court erred in not also granting her a divorce. If this was error, it was not prejudicial. *Smith v. Smith,* 45 Wn. (2d) 672, 277 P. (2d) 339.

Appellant asserts that the trial court erred with respect to the distribution of property. Under the decree, all of the property was awarded to respondent, subject to a lien in the amount of twenty-five hundred dollars, in favor of appellant, payable fifty dollars a month.

■ Respondent paid and appellant accepted four or five monthly payments made under this provision of the decree. The acceptance of such payments constitutes a waiver of the appeal, at least in so far as the property award is concerned. *Lyon v. Bain,* 1 Wash. Terr. 482; *Murray v. Murray,* 38 Wn. (2d) 269, 229 P. (2d) 309. See, also, 169 A. L. R. 985, 999, annotation.

The remaining assignments of error deal with the evidence received, findings and conclusions made, and order entered concerning the care, custody, and control of the minor son.

The boy was twenty months old at the time of the trial. The decree provided that appellant should have the care, custody, and control of the child until October 1, 1954 (five months after entry of the decree). The decree further provided that, on October 1, 1954, the parties should appear before the court for a determination as to whether any change should be made in the custody provision. By stipulation, the parties have agreed that, after disposition of this case on appeal, the custody hearing originally set for

October 1, 1954, shall be held, by noting the matter on the trial calendar in the usual way.

Appellant contends that the trial court erred in receiving evidence that appellant had four previous marriages; in finding that there was "more evidence of stability on the part of the defendant than on the part of the plaintiff;" in failing to find that appellant is a fit and proper person to have the care, custody, and control of the child; and in awarding appellant only temporary custody of the child, subject to review five months after entry of the decree.

■ A finding of unfitness to have the custody of a child may not be predicated upon acts occurring prior to the marriage. *Curtis v. Curtis,* 46 Wash. 664, 91 Pac. 188.

Here, however, the evidence concerning the number of appellant's previous marital ventures has not been used as a basis for finding unfitness. No such finding has been entered. The questioned evidence served only to raise a doubt in the mind of the trial court as to appellant's stability. Because of that doubt, the court decided that there should be a trial period of temporary custody before a determination as to appellant's fitness is made. It is to be assumed that, when such determination is made, it will be based upon acts committed and circumstances arising since these parties were married.

■ Considering the use made of the questioned evidence, the admission thereof was not prejudicial error.

■ Before the permanent care, custody, and control of a child (subject to modification) is awarded in a divorce action, there must be a finding of fact to the effect that the person being awarded such custody is a fit and proper person to be entrusted with the upbringing of the child. *Hansen v. Hansen,* 43 Wn. (2d) 520, 262 P. (2d) 184.

■ Under circumstances which reveal no abuse of discretion, however, the trial court may postpone the making of a custody determination pending a trial custody period, or the happening of some relevant future event. See *Allen v. Allen,* 28 Wn. (2d) 219, 182 P. (2d) 23; *Olson v. Olson, ante* p. 246, 280 P. (2d) 249.

■ No abuse of discretion was here shown. The trial court recognized the desirability of placing this child of tender years under the care of its mother, the appellant. Yet, the circumstances, as noted above, raised a doubt as to appellant's stability. It was reasonable to suppose that this doubt could best be resolved by giving custody to the mother for a five-months trial period.

The judgment is affirmed.

SCHWELLENBACH, DONWORTH, FINLEY and OTT, JJ., concur.

