[No. 35974.   Department One.   August 9, 1962.]

JOHN W. GLASS, *Appellant*, v. CARNATION COMPANY, *Respondent*.*

*John D. Lawson* and *Ervin F. Dailey*, for appellant.

*John S. Acker*, for respondent.

HILL, J.—With some reluctance we grant a new trial in this personal injury action. The plaintiff had slipped in getting down from a temporary platform erected on the

*Reported in 373 P. (2d) 775.

flat bed of a truck, and an injury to his knee was claimed to have resulted therefrom.

The trial judge took the case from the jury because at the time the plaintiff had completed his evidence, relative to the cause of his injury, he had not established any negligence on the part of the defendant.

We are in entire accord with the trial court in that conclusion. We think that it was probably right in its further conclusion, based on the plaintiff's testimony and his pretrial deposition: That the plaintiff did not know what caused his fall and could not establish any such negligence. This was the basis of the trial court's refusal to grant the plaintiff's request to again call the plaintiff on the issue of liability.

It is our view that the trial court abused its discretion in failing to grant the request to recall the plaintiff on the issue of liability. Our reluctance to grant a new trial is attributable to our feeling that the trial court was correct in its conclusion that this would be a futile gesture; nevertheless, the plaintiff was entitled to the further opportunity to attempt to establish the liability of the defendant by his own testimony or that of other witnesses then present and ready to testify. This would have occasioned only a trifling delay. We would agree that an offer of relevant proof would have been necessary to justify the delay involved in securing any witnesses not then available.

There was no substance in the plaintiff's contention, as appellant here, that he had not rested. The motion to dismiss was made when the plaintiff's evidence on liability had been completed. It was clear that only medical testimony concerning the character and extent of the plaintiff's injuries was contemplated thereafter; such evidence served no purpose if liability had not been established; consequently, absent the request to reopen for further testimony on the issue of liability, it seems to us that it would have been proper to grant the motion to dismiss. While no authority directly in point has been cited, it has been held that if a nonsuit is proper, to grant it prematurely is harm-

less error. *Vincent v. City of Pacific Grove* (1894), 102 Cal. 405, 36 Pac. 773.

■ The defendant (as respondent) suggests as an additional argument in support of the judgment of dismissal, that the plaintiff had, in any event, assumed all risks and if he regarded the situation as dangerous, he should have refused to work. While we recognize that every workman assumes the usual and ordinary risks incident to his employment, we no longer adhere to the proposition that he assumes the risks attributable to his employer's negligence. See *Siragusa v. Swedish Hospital* (1962), *ante* p. 310, 373 P. (2d) 767.

The case is remanded with instructions to set aside the judgment of dismissal and to grant a new trial.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.