[No. 38467.  Department Two.  August 18, 1966.]

DONNABELL GRACE BAREFIELD, *Respondent,* v. WILLIAM H. BAREFIELD, *Appellant.*\*

*Happy, Copeland & King,* for appellant.
*Stouffer, Brown & Knight,* for respondent.

\*Reported in 417 P.2d 608.

BIRDSEYE, J.†—This is a typical divorce case with each party seeking a decree and asking for custody of the children, boys, ages 4 and 7. The trial continued in a normal way until the conclusion of respondent's (plaintiff's) case, at which point appellant's counsel challenged the sufficiency of respondent's evidence and moved that appellant be granted a divorce and awarded the custody of the children. At the conclusion of his argument, counsel for appellant indicated his willingness to rest and, after being encouraged in that respect by the trial judge, did so. The court thereupon decided the case on its merits, granted a divorce to each party and gave custody of the children to the appellant father, although as defendant, he had presented no testimony nor had he himself taken the stand except when called as an adverse witness by respondent.

On respondent's motion for a new trial the court concluded that the motion should be granted as to the issue of custody only, giving its reasons in the following language:

> [T]he Court finds that as to the sole issue of the custody of the minor children, the plaintiff did not receive a fair trial and that there was irregularity of the trial excepted to at the time, and that substantial justice has not been done because the Court did not require defendant to establish his fitness to care for the minor children of the parties, but rather awarded said custody to defendant at the close of the plaintiff's case. That this foreclosed the plaintiff from cross-examining the defendant as to his fitness to have the permanent care, custody and control of the minor children and likewise prevented the Court from having all the facts in order to award custody of the said children. That this action also prevented the plaintiff from presenting any rebuttal evidence in regard to the defendant's fitness to have the custody of said children, . . . .

This appeal is taken from the order granting the new trial on the issue of custody.

The foregoing summarizes the history of the case but a more detailed outline of the facts is necessary.

---

†Judge Birdseye is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Respondent testified as a witness on her own behalf, accusing appellant of extreme jealousy, various acts of physical violence and other indignities. She frankly admitted that she had been in love with another man for 2 to 3 years and that she planned to marry him. Her prospective husband had, according to respondent, stayed over night "at various times" and had lived in her home for 6 weeks immediately prior to the trial of the divorce action. Respondent, however, denied any improprieties, saying that her friend had his own bedroom.

This man also testified as part of the respondent's case. He was then seeking a divorce from his wife and readily conceded that he had been in love with respondent for 2 to 3 years and planned to marry her. He admitted to staying in the home of the parties "eight or ten maybe fifteen" times prior to the period of the 6 weeks' residence. The children called him "daddy" and he had disciplined them, including the administration of spankings.

Respondent called appellant as an adverse witness. He was put on the stand twice and was questioned by respondent's counsel about his income, his insurance program, his plans for retirement, the property of the parties, his absence in the service, the use of profanity by himself and by his wife, an attempted reconciliation, his conversations with a prospective witness, his knowledge of visitors and residents in the home, and the care of the children by respondent. Understandably no questions were put to him concerning his ability to care for the children, as to his plans to house, clothe, feed and educate them, or as to the facilities and personnel available to him for use and help in this connection. On neither occasion was the father cross-examined by his own counsel.

Appellant was then a sergeant in the United States Army, was a career soldier, and was eligible for retirement in 26 months, but was not anticipating leaving the service.

In the extensive discussion that followed appellant's challenge to the sufficiency of respondent's evidence, there was only the briefest reference to the award of custody of the children. At the conclusion of his argument, appel-

lant's counsel said: "I say to your Honor that I feel that the case can be decided at this point, and maybe just as well be if it will save any more time and heartache." The court thereupon took a recess for 35 minutes and, upon resuming the bench, the following occurred: "THE COURT: Mr. Copeland, am I to assume that the defense rests? MR. COPELAND: I made a motion on this basis, yes, your Honor."

The trial judge then ruled on the merits of the controversy giving each party a divorce, finding both to be fit and proper persons to have the minor children and awarding custody to appellant. In announcing his conclusion on custody, the judge said that he expected the mother to marry the man who had invaded appellant's home and that he had "no intention of leaving these children in that home with that man."

After the court had announced its ruling, appellant's counsel pointed out that his client was in the army and stated that he presently lived on the post and would have to rely upon his mother and his sister (both of whom lived in California) to care for the children for the next 26 months until he could retire from the service. He requested that the children be allowed to live with the paternal grandmother in California, saying that he was "perfectly willing to have the court interrogate her at any length as to her propriety and fitness to take care of them." This was the first word from appellant or his counsel as to how the father proposed to provide for the youngsters.

The trial court refused this request and ordered that the two boys remain in this jurisdiction, saying to appellant that he would "have the problem of providing a home for these children in the state of Washington."

Respondent subsequently made a motion to reconsider, supported by an affidavit of her counsel pointing out that the appellant had not been required to establish his fitness to have the children, that there was no evidence to support the court's conclusion in this respect, and that, had appellant testified on this subject, respondent would have presented evidence showing him to be unfit and unable to care

for the children. This motion was heard and denied 6 days after the conclusion of the trial. At that time the trial judge again expressed in the strongest terms his distaste for respondent's prospective husband, declaring that he was an "unmitigated liar." The judge emphasized once more his determination that the Barefield children should not live in such a home, saying that it would be "intolerable."

Findings of fact and conclusions of law and a decree carrying out the previously announced rulings of the court were subsequently signed and filed.

A motion for new trial was timely made based on five of the grounds (1, 4, 7, 8 and 9) specified in Rule of Pleading, Practice and Procedure 59.04W, RCW vol. 0. The motion was supported by an affidavit of respondent's counsel similar to that which accompanied his motion to reconsider.

This motion was argued approximately 3½ months after the trial and was granted as to the issue of custody only. In so ordering, the trial judge conceded that he had acted prematurely, in ruling on this issue at the conclusion of respondent's case, and without hearing the evidence in support of appellant's prayer for custody. As required by RPPP 59.04W, he gave his reasons in writing and they are set out earlier in this decision.

In granting the motion for a new trial as to custody, the judge invoked paragraphs numbered 1, 7, 8 and 9 of the rule which provide:

> 1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;
>
> . . . . .
> 7. That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;
> 8. Error in law occurring at the trial and excepted to at the time by the party making the application.
> 9. That substantial justice has not been done.

This was obviously the proper thing for the trial judge to do under the circumstances. He had been disturbed and shocked during the presentation of the respondent's case by

the frank confessions of the mother and her prospective husband, and, at the first opportunity, had announced his determination not to allow the children to live with this man. He had summarily awarded custody to appellant at the conclusion of the respondent's case without waiting to hear the latter's testimony and without requiring any showing whatsoever as to his fitness and his ability to care for the two boys, one of whom was not yet of school age.

This abrupt disposition of the issue completely deprived respondent of the opportunity to cross-examine appellant on these important matters. Moreover it made it impossible for respondent to introduce in rebuttal the evidence on this subject that, according to the two affidavits of counsel for respondent, was available.

The foregoing constituted an irregularity in the proceedings of the court by which respondent was prevented from having a fair trial. (RPPP 59.04W (paragraph No. 1).) It follows that there was no evidence or reasonable inference from the evidence to justify the court's decision on the matter of custody. (RPPP 59.04W (paragraph No. 7).) In ruling on this issue at the close of respondent's case, the court committed a procedural mistake that constituted an error of law. (RPPP 59.04W (paragraph No. 8).) Finally, it is obvious that substantial justice was not done when respondent was deprived of her children and when they were awarded to appellant without any showing of fitness or ability on his part. (RPPP 59.04W (paragraph No. 9).)

It is to the credit of the trial judge that he frankly conceded that he had ruled prematurely and without being fully advised and that, in so doing, he had done respondent an injustice. The reasons given by the judge in his order granting the motion for new trial fully explain and completely justify his ruling.

In *Kimball v. Moore*, 18 Wn.2d 643, 649, 140 P.2d 498 (1943), we had occasion to consider the statutory language that is now RPPP 59.04W (paragraph No. 7), and said:

> [S]ince the modification of the statute in that respect, we have repeatedly affirmed the previously settled rule

that, where the issue before the trial court does not involve a purely legal question, but arises from a controverted question of fact, the granting of a new trial is so largely a matter of discretion with the trial court that its ruling thereon will not be disturbed upon appeal except for manifest abuse of such discretion. *Ahrens v. Anderson*, 186 Wash. 182, 57 P. (2d) 410; *Mathisen v. Norton*, 187 Wash. 240, 60 P. (2d) 1; *Corbaley v. Pierce County*, 192 Wash. 688, 74 P. (2d) 993; *Billias v. Panageotou*, 193 Wash. 523, 76 P. (2d) 987; *Dibley v. Peters*, 200 Wash. 100, 93 P. (2d) 720; *Bystrom v. Purkey*, 2 Wn. (2d) 67, 97 P. (2d) 158; *Nagle v. Powell*, 5 Wn. (2d) 215, 105 P. (2d) 1; *Griffin v. Cascade Theatres Corp.*, 10 Wn. (2d) 574, 117 P. (2d) 651; *Wood v. Hallenbarter*, 12 Wn. (2d) 576, 122 P. (2d) 798.

In a number of the cases just cited it is also declared that ordinarily a much stronger showing of abuse of discretion will be required to set aside an order granting a new trial than one denying a new trial. See the *Ahrens, Mathisen, Dibley, Bystrom,* and *Griffin* cases, *supra*.

These same rules have consistently been followed in our more recent decisions including *Riley v. Department of Labor & Indus.*, 51 Wn.2d 438, 319 P.2d 549 (1957); *Nelson v. Martinson*, 52 Wn.2d 684, 328 P.2d 703 (1958); *Coleman v. George*, 62 Wn.2d 840, 384 P.2d 871 (1963); *Worthington v. Caldwell*, 65 Wn.2d 269, 396 P.2d 797 (1964); *Sargent v. Safeway Stores*, 67 Wn.2d 941, 410 P.2d 918 (1966).

In our consideration of the case at bar we have not overlooked our decision in *Follis v. Brinkman*, 51 Wn.2d 310, 317 P.2d 1061 (1957). The official reason given there by the trial judge for his order granting a new trial was not supported by the record. While he indicated that something else about the case gave him concern he did not disclose what it was that bothered him; in fact he stated that this difficulty had not influenced his decision. Under the circumstances (so far as this latter problem was concerned) we felt there was nothing to review and so concluded that the granting of the new trial was not supported by "definite reasons of law and facts." That case presents a much different situation and is not applicable to the matter now before us.

■■ In this case, had the motion for new trial been denied and had an appeal been taken by the plaintiff, we would have been compelled to reverse the trial court on the ground that there was no evidence to justify its decision on the question of custody. This is essential. *Christopher v. Christopher,* 62 Wn.2d 82, 381 P.2d 115 (1963). There is no presumption that a father is a fit and proper person to have custody of children. *Annest v. Annest,* 49 Wn.2d 62, 298 P.2d 483 (1956). Custody may not be awarded unless and until there is a finding that the person being given the children is a fit and proper person to be entrusted with their upbringing. *Potter v. Potter,* 46 Wn.2d 526, 282 P.2d 1052 (1955). In the case at bar that issue has simply not been adequately explored and it cannot be determined until additional evidence is submitted.

To be sure, the matter of custody can always be considered at any time during the minority of the boys through the medium of a petition to modify, but such procedure requires a showing of a change in circumstances. This would place an additional burden on respondent and one that she should not have to assume. The further hearing that is essential in this case can best and most easily be had by affirming the granting of a new trial limited to the issue of custody.

It is so ordered.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.