[No. 44870.   En Banc.   January 19, 1978.]

MAD RIVER ORCHARD COMPANY, ET AL, *Appellants,* v.
KRACK CORPORATION, ET AL, *Respondents.*

*Kargianis & Austin,* by *Ronald P. Erickson,* for appellants.

*William H. Mays* and *Michael W. Leavitt* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for respondent Krack Corporation.

*Murray, Dunham & Waitt,* by *Robert K. Waitt,* for respondent Puget Sound Engineering.

BRACHTENBACH, J.—Plaintiff Mad River Orchard Company leased apple storage rooms from Wenatchee Wenoka Growers' Association. The leased storage was controlled atmosphere rooms where, during storage, the air content is controlled to retard or slow maturation of the apples. The equipment which provided refrigeration to the leased rooms was manufactured by the defendant Krack Corporation and installed by defendant Puget Sound Engineering, Inc.

Plaintiff Mad River Orchard is a packer–shipper; it was handling apples for growers and had stored in the controlled atmosphere facilities bins containing approximately 60,000 boxes of apples.

On two occasions the Krack–manufactured refrigerant equipment developed ammonia leaks. Put simply, ammonia and apples do not mix. Faced with ammonia saturated apples, Mad River Orchard tried to salvage and pack the damaged apples. The apples, for the most part, were not salvageable. Wenatchee Wenoka settled the growers' claims for the loss of the apples, less some salvage.

Plaintiff Mad River Orchard sued in its own right, claiming damages, according to its allegations, for "lost customer relationships, its reputation, interference with contractual and business relationships, salvage efforts, storage costs and loss of fixed expenses and profits."

Plaintiff offered an exhibit summarizing its claimed loss of "fixed expenses." Defendants' objection was sustained. No error is assigned to that ruling. The court and all counsel then entered into an extensive dialogue, 38 pages in the record of proceedings, about plaintiff's theories of recovery, one of which was under Restatement (Second) of Torts § 402A (1965). On two occasions the court asked plaintiff's counsel if he were going to present additional proof of damages. At one point plaintiff's attorney advised the court that "we have presented all the evidence on that point we are going to present." Shortly thereafter, the court told plaintiff's counsel (not the counsel on appeal) that "if you haven't offered the evidence in the case, you had better offer it."

In apparent anticipation of the court's ruling rejecting plaintiff's theory of damages, all counsel agreed that a motion to dismiss would be made and the jury dismissed. After the jury was dismissed, plaintiff's counsel made an offer of proof. The court dismissed plaintiff's claims. We affirm.

We do not reach the merit of plaintiff's theory of damages because plaintiff's offers of proof were too late and lack sufficient specificity in fact and theory for the trial court to rule thereon.

■■ An offer of proof, properly presented, serves three purposes. First, it should inform the court of the legal theory under which the offered evidence is admissible. Second, it should inform the trial judge of the specific nature of the offered evidence so the court can judge its admissibility. Third, it thereby creates a record adequate for appellate review. It is the desirable practice to have the offered evidence in the form of questions and answers from the witness rather than conclusionary statements by counsel.

We have long held that an offer of proof must be specific and the theory of admissibility disclosed.

> The principle upon which we decide this case is that it is the duty of a party to make clear to the trial court what it is that he offers in proof, and the reason why he deems the offer admissible over the objections of his opponent, so that the court may make an informed ruling. If the party fails to so aid the trial court, then the appellate court will not make assumptions in favor of the rejected offer.

(Citations omitted.) *Tomlinson v. Bean,* 26 Wn.2d 354, 361, 173 P.2d 972 (1946); *Cochran v. Harrison Memorial Hosp.,* 42 Wn.2d 264, 254 P.2d 752 (1953).

This case illustrates the necessity for the rule stated. The trial court had stated its tentative conclusion that plaintiff could not recover for economic loss without proof of physical property damage (a point which we do not reach). A proposed exhibit on economic loss had been rejected—a

ruling to which no error is assigned. The court invited evidence. None was offered. After the dismissal, the court reviewed the matter and ruled—correctly—that

No evidence as to alleged property damages was ever presented to the Court and jury by Mr. Rutherford on behalf of his client to give the Court an opportunity to make a ruling, upon proper objection, as to its admissibility. Such a ruling on the part of the Court is a necessary condition precedent to an offer of proof on the element of alleged property damage.

The three points raised by plaintiff all fail under the above rules. First, plaintiff claims that the defendants damaged its leasehold interest in the rented storage rooms, and that such was damage to property that would support its theory of recovery. The issue was raised only in argument. No lease, nor evidence of its terms, was ever presented. No offer was made as to what damage occurred; no ruling was asked of or made by the court.

A similar assignment is made regarding refurbishing of the apple bins damaged by absorption of ammonia. Again no evidence was offered, no ruling made. Additionally, in pretrial interrogatory answers, plaintiff stated that it made no claim for salvage efforts which included refurbishing the bins. Defendants were entitled to rely on that answer.

Finally, plaintiff contends it should have been allowed to prove economic losses. Plaintiff referred in argument to the rejected exhibit stating that it would prove loss of profits, loss of revenue and other business losses. Such conclusionary offers do not meet the test stated.

The judgment of dismissal is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.