[No. 14014-4-II.   Division Two.   September 14, 1993.]

CHARLES E. SMITH, ET AL, *Appellants,* v. DONALD E. FOURRE, ET AL, *Respondents.*

*Richard F. DeJean* and *Klaus Snyder,* for appellants.

*Susan E. Keers* and *Rush, Hannula & Harkins,* for respondents.

MORGAN, J. — Delcie Smith sued Donald Fourre and his employer, Paschich and Sons, for personal injuries. Before Smith had completed her case in chief, the trial court directed a verdict for defendants. We reverse and remand for new trial.

■ When reviewing a directed verdict, we take the evidence in the light most favorable to the nonmoving party. *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 335, 779 P.2d 249 (1989); *Levy v. North Am. Co. for Life & Health Ins.*, 90 Wn.2d 846, 586 P.2d 845 (1978). Here, Smith is the nonmoving party, so we take the evidence in the light most favorable to her.

According to Smith, March 14, 1986, was a cold day. At about 8 a.m., she was driving westbound near Auburn when she noticed a large milk truck with double trailers. The truck, driven by Fourre and owned by Paschich, was westbound ahead of her.[1] Smith thought it was going to go straight through the intersection of 400th and 180th Streets. However, it "very suddenly"[2] turned onto 180th Street without displaying brake lights or turn signals. As she described it in a pretrial statement, later admitted at trial:

> Driving down S.E. 400th, going west. Double-trailered milk truck began to turn right on 180th S.E. with no visible turn signal. I began to pass on left and truck turned left in front of me. No where to go but hit trailer.

Report of Proceedings, at 132-33. She applied her brakes but slid on "whatever was on the ground, I'm going to assume it

---

[1] For convenience, we hereafter refer to all defendants as Fourre.

[2] Report of Proceedings, at 92.

was ice."[3] She veered into the oncoming lane, but as the truck continued its turn, one of its trailers hooked her car. Her car was dragged, and she was injured.

Smith sued, and Fourre moved for summary judgment. The motion was denied, and the case was set for trial.

During the first 2 days of trial, a jury was impaneled and two of plaintiff's witnesses testified. Although Smith had not yet rested, Fourre then moved for a "directed verdict"[4] on the authority of *Western Packing Co. v. Visser*, 11 Wn. App. 149, 521 P.2d 939 (1974). After noting the factual similarity between *Visser* and the present case, the trial judge said to plaintiff's counsel, "Now, if you have anything further you want to say, you'd better say it, because I'm prepared to rule."[5] Plaintiff's counsel responded, "I haven't rested, Judge."[6] The trial judge then granted the motion and directed the bailiff to tell the jury the case was over.

The record does not show whether Smith had presented all her evidence on liability. Therefore, we base our analysis on alternative premises. The premise in part I is that Smith had not presented all of her evidence on liability by the time the trial judge dismissed the case. The premise in part II is that Smith had presented all of her evidence on liability by the time the trial judge dismissed the case. In part III, we briefly discuss a potpourri of evidential problems raised by Smith.

I

■ A fundamental principle of law is that every litigant is entitled to be heard before his or her case is dismissed. *Esmieu v. Schrag*, 88 Wn.2d 490, 497, 563 P.2d 203 (1977); *Olympic Forest Prods. v. Chaussee Corp.*, 82 Wn.2d 418, 422, 511 P.2d 1002 (1973); *In re Hendrickson*, 12 Wn.2d 600, 606,

---

[3]Report of Proceedings, at 130.

[4]Report of Proceedings, at 156.

[5]Report of Proceedings, at 159.

[6]Report of Proceedings, at 159.

123 P.2d 322 (1942). A specific application of this principle is that a plaintiff must be given the opportunity to present not just part, but all, of his or her evidence before the trial court rules on the sufficiency of that evidence.[7] *See* RCW 4.56.150; CR 50(a); *Hill v. Parker*, 12 Wn.2d 517, 524, 122 P.2d 476 (1942).

This principle was not observed in this case. When Fourre moved to dismiss after Smith's second witness, Smith protested that she had not rested. On appeal, Smith protests that she had "considerably more evidence . . . on both the issues of liability and damages".[8] The record neither confirms nor refutes these protestations, because there was never an offer of proof describing the remainder of Smith's evidence on liability.[9] Under the circumstances present here, Smith was entitled to complete her presentation before the trial court ruled on the sufficiency of her evidence, and she is now entitled to a new trial at which she will have, for the first time, the opportunity to present her entire case in chief.

Fourre relies on *Glass v. Carnation Co.*, 60 Wn.2d 341, 373 P.2d 775 (1962). There, the plaintiff rested without pre-

---

[7]This principle is reflected in every rule of court that authorizes a defendant to challenge the sufficiency of a plaintiff's evidence. Before trial, a defendant can challenge the sufficiency of a plaintiff's evidence by making a motion for summary judgment. CR 56(b). However, the plaintiff must be afforded an opportunity to present all of his or her evidence through affidavit, deposition, or similar materials. CR 56(c). During trial, a defendant can challenge the sufficiency of a plaintiff's evidence by moving to dismiss at the end of plaintiff's case in chief, or at the end of all the evidence. RCW 4.56.150; *see* CR 50(a). However, the plaintiff will have had the opportunity to present all of his or her evidence through witnesses and exhibits. After trial, a defendant can challenge the sufficiency of a plaintiff's evidence by moving for judgment n.o.v. CR 50(b). Again, however, the plaintiff will have had the opportunity to present all of his or her evidence through witnesses and exhibits. In none of these instances can a court grant a motion to dismiss without first giving the plaintiff the opportunity to present all of his or her evidence on liability.

[8]Brief of Appellant, at 16.

[9]Assuming without holding that the trial court could have ordered Smith, after the second witness, to make an offer of proof describing the rest of her case, the trial court did not do so. Nor did it provide Smith's counsel with reasonable time to prepare or present a formal offer of proof.

senting sufficient evidence of liability, and the trial judge granted the defendant's motion to dismiss. The plaintiff moved to reopen, suggesting he could present additional evidence on liability. The trial judge denied the motion on the basis of his determination that plaintiff had no additional evidence that would establish liability. The Supreme Court ruled that the trial court abused its discretion by denying the motion to reopen, and that "plaintiff was entitled to the further opportunity to attempt to establish the liability of the defendant by his own testimony or that of other witnesses then present and ready to testify." 60 Wn.2d at 342.

*Glass* supports Smith rather than Fourre. The holding in *Glass* was that a plaintiff who has rested may nonetheless be entitled to finish presenting his or her evidence on liability. A fortiori, the plaintiff who has not rested, *e.g.*, Smith, is entitled to finish presenting his or her evidence on liability.

*Glass* also contains dicta to the effect that when a plaintiff has presented all of his or her evidence on liability, it is harmless error to grant a motion to dismiss before all of the evidence on damages has been presented. While we have no quarrel with that proposition, it does not apply here because the record does not show that Smith had presented all of her evidence on liability.

Nothing we have said is meant to imply that a court cannot grant a motion to dismiss before the plaintiff has elected to rest his or her case in chief if the plaintiff has affirmatively shown that he or she cannot prove facts sufficient to warrant relief, and if the merits of the motion are "clear beyond doubt". *Halvorson v. Birchfield Boiler, Inc.*, 76 Wn.2d 759, 760-61, 458 P.2d 897 (1969); *State v. Gallagher*, 15 Wn. App. 267, 549 P.2d 499 (1976); *see State v. Knapstad*, 107 Wn.2d 346, 351-52, 729 P.2d 48 (1986). In *Mad River Orchard Co. v. Krack Corp.*, 89 Wn.2d 535, 537, 573 P.2d 796 (1978), for example, the court then asked plaintiff's counsel, three times over 38 pages of transcript, whether plaintiff had any additional evidence to present on the issue of damages. "[P]laintiff's attorney advised the court that 'we have pre-

sented all the evidence on that point we are going to present.' " 89 Wn.2d at 536. Thereafter, all counsel agreed that the defendant would make a motion to dismiss before plaintiff had rested. 89 Wn.2d at 537. The trial court granted the motion, and the Supreme Court affirmed. Under the circumstances presented, the plaintiff had affirmatively shown it could not prove damages, there was no doubt that the case should be dismissed, and delaying dismissal would simply have wasted judicial resources.

Although Fourre argues to the contrary, *Mad River* is distinguishable from the case at bar. Here, plaintiff did not affirmatively show that she could not prove liability, and when the second witness finished testifying, it was not clear beyond doubt that the case would be insufficient to go to the jury.

## II

To this point, our premise has been that the record does not show that Smith was given an opportunity to present all of her evidence on liability. Now, we assume that she was given that opportunity and that all of her liability evidence shows in the record.

■ The elements of a negligence claim are duty, breach, causation, and damage. *Harbeson v. Parke-Davis, Inc.*, 98 Wn.2d 460, 468, 656 P.2d 483 (1983). It is undisputed that Fourre owed Smith a duty of reasonable care, and that Smith presented a factual question on damages. Thus, it is necessary to determine whether the evidence supports reasonable inferences that Fourre was negligent, and that his negligence was a proximate cause of injuries to Smith.

The evidence supports an inference that Fourre was negligent. Smith expressly testified that the truck turned without displaying brake lights or turn signals. If accepted by the jury, this testimony would support an inference that Fourre failed to exercise reasonable care. *See* RCW 46.37.070; RCW 46.61.305; RCW 5.40.050.

The evidence also supports an inference that Fourre's negligence was a proximate cause of the accident. Viewing Smith's

testimony in the light most favorable to her, a reasonable inference is that she would have been able to avoid the truck if it had displayed brake lights or turn signals before turning. Because the evidence supports reasonable inferences that Fourre was negligent, and that his negligence was a proximate cause of the accident, we conclude that Smith presented evidence sufficient to take her case to the jury.

Fourre attempts to defeat this conclusion by arguing (a) as a matter of law, Smith was negligent; (b) as a matter of law, her negligence was a proximate cause of the collision; and (c) the trial court therefore was required to dismiss the case. We assume the first two propositions are true, but the third is a non sequitur. Since 1974, a plaintiff's contributory negligence has not barred recovery in Washington. RCW 4.22.005; former RCW 4.22.010 (Laws of 1973, 1st Ex. Sess., ch. 138). Thus, a plaintiff's negligence will not ordinarily justify the dismissal of a plaintiff's case.

On appeal, Fourre argues, for the first time, that Smith's contributory negligence was the *sole* proximate cause of the accident. This is but an inverted way of asserting that as a matter of law Fourre's negligence, if any, was *not* a proximate cause of the accident and, therefore, that Smith cannot prove the causation element of her case in chief. Because the evidence is sufficient to support inferences that Fourre was negligent and that his negligence was a proximate cause of the accident, this argument fails.

Fourre relies heavily on *Western Packing Co. v. Visser, supra,* and in one respect that reliance is well placed. *Visser's* facts are similar to those here, and in *Visser* the appellate court held that plaintiff was negligent as a matter of law. 11 Wn. App. at 152-53. Thus, *Visser* tends to support the proposition that Smith was negligent as a matter of law in this case.

In all other respects, Fourre's reliance on *Visser* is misplaced. The *Visser* trial court ruled that plaintiff had been negligent as a matter of law, but submitted to the jury the question of whether that negligence was a proximate cause of the collision. 11 Wn. App. at 152. Both rulings were made

before Washington had a system of comparative negligence.[10] As a consequence, the *Visser* appellate court had no occasion to consider whether a plaintiff's negligence would warrant dismissal under such a system. Also, neither side attacked the proximate cause ruling on appeal. Thus, the *Visser* appellate court had no occasion to consider (1) whether the plaintiff's negligence was a proximate cause of the accident or (2) whether the plaintiff's negligence was the *sole* proximate cause of the accident.

Reversed and remanded for further proceedings consistent with this opinion.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SEINFELD, A.C.J., and PETRICH, J. Pro Tem., concur.

---

[10]Washington's comparative negligence scheme did not take effect until 1974. *See Godfrey v. State,* 84 Wn.2d 959, 530 P.2d 630 (1975). The *Visser* opinion does not disclose the exact date of trial in that case, but judgment was entered on December 12, 1972. 11 Wn. App. at 150. Thus, it would appear that trial was in 1972 or earlier.