**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| ANNA G. BELL, a single woman, | No. 86630-3-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CANDACE K. SCHUPP a single woman, and BANC OF AMERICA FUNDING CORPORATION 2007-1, | |
| Appellant. | |

FELDMAN, J. — Candace K. Schupp appeals the trial court's orders granting summary judgment in favor of Anna G. Bell on her claim for a prescriptive easement, granting Bell's CR 50 motion for a "directed verdict" on her claim for adverse possession,[1] and awarding attorney fees and costs to Bell as the prevailing party on her adverse possession claim. We affirm the trial court's order granting Bell's motion for summary judgment on the prescriptive easement claim, but we reverse its order granting Bell's CR 50 motion on the adverse possession claim and remand for a new trial. Because Bell is no longer the prevailing party on

---

[1] A motion for directed verdict is governed by CR 50. *See Mancini v. City of Tacoma*, 196 Wn.2d 864, 876-77, 479 P.3d 656 (2021). In 1993, CR 50 was rewritten to rename motions for "directed verdict" and "judgment notwithstanding the verdict" as motions for "judgment as a matter of law." *Guijosa v. Wal-Mart Stores, Inc.*, 144 Wn.2d 907, 915, 32 P.3d 250 (2001). For simplicity, we refer to Bell's motion as a "CR 50 motion."

her adverse possession claim, we also vacate the trial court's orders awarding attorney fees and costs in her favor.

I

This dispute concerns certain real estate situated on or near the eastern boundary of Bell's property (the Bell Property) and the western boundary of Schupp's adjacent property (the Schupp Property). The two properties were previously separated by a fence constructed in the 1990s by Norman Hayes, a previous owner of the Schupp Property. In 2022, independent surveys by both parties revealed that the fence was constructed east of the survey line and indicated that a portion of Bell's driveway located west of the fence encroached onto Schupp's property. Schupp then tore down the fence, and a boundary dispute arose between the parties regarding use and ownership of the strip of land between the location of the previous boundary fence and the western boundary of the Schupp Property as determined by the surveys (the Disputed Property).

In June 2022, Bell filed a complaint against Schupp seeking, among other claims, to quiet title to the Disputed Property based on adverse possession or, in the alternative, to establish a prescriptive easement over the portion of Bell's driveway within the Disputed Property. Schupp filed an answer asserting counterclaims for various forms of trespass and seeking to quiet title to the Disputed Property in her favor. Bell thereafter filed a motion for summary judgment arguing that undisputed evidence supports each of the elements of her two claims and that she is therefore entitled to judgment as a matter of law on both of the claims. The trial court granted Bell's motion with regard to her prescriptive

2

easement claim but denied her motion with regard to her adverse possession claim.

The case then proceeded to a bench trial on Bell's adverse possession claim. At the conclusion of Bell's case-in-chief, after she presented her evidence and before Schupp had presented her evidence, Bell orally moved for a "directed verdict" in her favor. The trial court granted the motion because Bell's evidence was at that time "uncontroverted." The trial court later entered a judgment in Bell's favor stating that her claim for adverse possession was "granted, and title and legal ownership to [the Disputed Property] is quieted, established and confirmed solely in [Bell]." The trial court further dismissed Schupp's counterclaims and ordered that Schupp is "forever barred from having or asserting any right, title, estate, lien, or interest in or to the [Disputed Property], or any part thereof, adverse to [Bell]."

Finally, Schupp filed a motion for reconsideration arguing that her "substantial right to present witness testimony was materially affected by the court's directed verdict in favor of [Bell], preventing her from having a fair trial." The trial court denied the motion and awarded attorney fees and costs in Bell's favor. Schupp appeals.

## II

## A

Schupp argues the trial court erred in granting summary judgment in Bell's favor on her prescriptive easement claim regarding the portion of her driveway located within the Disputed Property. We disagree.

"Summary judgment is warranted only when there is no genuine dispute of

material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). The facts and all reasonable inferences are viewed in the light most favorable to the nonmoving party." *Desranleau v. Hyland's, Inc.*, 10 Wn. App. 2d 837, 842, 450 P.3d 1203 (2019). "The moving party bears the initial burden 'to prove by uncontroverted facts that there is no genuine issue of material fact.'" *Welch v. Brand Insulations, Inc.*, 27 Wn. App. 2d 110, 115, 531 P.3d 265 (2023) (quoting *Jacobsen v. State*, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977)). If the moving party satisfies its burden, then the burden shifts to the nonmoving party to "'set forth specific facts evidencing a genuine issue of material fact for trial.'" *Id*. (quoting *Schaaf v. Highfield,* 127 Wn.2d 17, 21, 896 P.2d 665 (1995)). We review "summary judgment orders de novo, engaging in the same inquiry as the trial court." *Desranleau*, 10 Wn. App. 2d at 842.

Our Supreme Court has stated the requirements to establish a prescriptive easement as follows:

> To establish a prescriptive easement, the person claiming the easement must use another person's land for a period of 10 years and show that (1) he or she used the land in an "open" and "notorious" manner, (2) the use was "continuous" or "uninterrupted," (3) the use occurred over "a uniform route," (4) the use was "adverse" to the landowner, and (5) the use occurred "with the knowledge of such owner at a time when he was able in law to assert and enforce his rights."

*Gamboa v. Clark*, 183 Wn.2d 38, 43, 348 P.3d 1214 (2015) (quoting *Nw. Cities Gas. Co. v. W. Fuel Co.*, 13 Wn.2d 75, 83, 85, 123 P.2d 771 (1942)). The sole issue on appeal is whether there are genuine issues of material fact as to the third element: that the use of the easement occurred over a uniform route.

In support of her summary judgment motion, Bell provided evidence, including aerial photographs and surveys, showing that on or before 1974, a driveway was constructed on the southeast corner of the Bell Property that progressed northerly to structures located on the property. The driveway is the only means of ingress and egress to and from the Bell Property. The southern portion of the driveway is situated west of the survey line between the properties, but as the driveway runs north it encroaches eastward onto the Schupp Property such that the survey line runs through the middle of the driveway. Bell averred that after her late husband, Michael Wade, acquired title to the Bell Property in 2009, he consistently maintained both (a) the entire gravel driveway by rocking it, plowing snow, and driving vehicles over it and (b) the area between the driveway and the fence by mowing grass, spraying grass killer, removing weeds, and trimming bushes. Bell maintained the driveway and shoulder in a similar manner beginning in 2013 and continued to do so after Wade's death in 2020. This evidence, Bell argued, established that the use of the easement occurred over a uniform route.

In response to Bell's motion and supporting evidence, Schupp argued that Bell had not satisfied the "uniform route" element for a prescriptive easement because she "failed to provide a legal description of the property claimed." Schupp noted that the surveyed legal description of the proposed easement that Bell provided with her summary judgment motion simply described the easement as "[a]ll of that portion of an existing gravel driveway lying East of the East line of the Bell parcel . . . and lying South of the North line of the Schupp parcel." Schupp

5

argued that because the edge of the gravel driveway was imprecise and Bell had not provided a survey showing the metes and bounds description of the easement, there was, at the very least, an issue of fact as to whether the use of the easement occurred over a uniform route.

The trial court granted Bell's motion for summary judgment as to the prescriptive easement because "[t]he driveway clearly encroaches on [Schupp's] property" and "[t]here was sufficient evidence presented through exhibits and declaration[s] to show that that driveway has historically encroached" on Schupp's property. On the issue of the easement's legal description, the court stated:

> We can dial in at a later hearing date on what exactly the metes and bounds [are], if it's needed, in order to evaluate what that portion of the driveway actually exists in [Schupp's] property for purposes of a prescriptive easement. . . . I don't see that as a significant barrier to granting summary judgment.

The court subsequently issued a written order stating that "[Bell's] Motion for Summary Judgment is granted as to prescriptive easement" and "[a] legal description of the easement shall be determined by survey to be done at a later date."

On this record, the trial court did not err in granting summary judgment in Bell's favor on her prescriptive easement claim regarding the portion of the driveway that encroaches on Schupp's property. While Schupp correctly observes that a prescriptive easement must be "uniform," she cites no authority requiring that the easement be described by metes and bounds. We, too, are unable to find such authority. *See* 17 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 2.7 at 100 (2004) ("Many times the Washington opinions

have said that the usage must be over a 'uniform' route, though no case has been found in which the existence of a prescriptive easement has been denied for lack of such uniformity."). Regardless, undisputed evidence shows that the driveway has followed the same or a virtually identical route for several decades. The precise boundary of this route was not material for purposes of deciding whether Bell was entitled to a prescriptive easement. Rather, Bell only needed to prove that the route was uniform. *See Roediger v. Cullen*, 26 Wn.2d 690, 707, 175 P.2d 669 (1946) (concluding that a prescriptive easement in the form of a footpath between the defendants' houses and a beach was uniform "to all reasonable intents and purposes" even though it "was changed at some points from time to time").[2] Schupp does not dispute that the route Bell and her predecessors drove across the Disputed Property has remained consistent over time. The undisputed facts are sufficient to establish the uniform use requirement here.

In sum, although Schupp disputes the precise boundary of the prescriptive easement, that is not a material dispute for purposes of Bell's claim and therefore does not preclude summary judgment in her favor. Moreover, consistent with the trial court's ruling that "We can dial in at a later hearing date on what exactly the metes and bounds [are], if it's needed," Bell later supplied the trial court with a metes and bounds legal description for the driveway. For these reasons, we reject Schupp's argument that the trial court erred in granting Bell's motion for summary

---

[2] In contrast, our supreme court held in *Wasmund v. Harm*, 36 Wn. 170, 177, 78 P. 777 (1904), that an easement is not uniform "if used over one route one year, and another the next." That did not occur here.

judgment on her prescriptive easement claim for the portion of Bell's driveway that encroaches on Schupp's property.

**B**

Schupp next argues the trial court erred in granting Bell's CR 50 motion on her adverse possession claim. We agree.

A motion for a directed verdict, now referred to as a motion for judgment as a matter of law, is governed by CR 50, which provides as follows:

> If, during a trial by jury, a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find or have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against the party on any claim, counterclaim, cross claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.

CR 50(a)(1). We review a trial court's ruling on a CR 50 motion de novo. *Williams v. Dep't of Soc. & Health Servs.*, 24 Wn. App. 2d 683, 697, 524 P.3d 658 (2022) (citing *Mancini*, 196 Wn.2d at 877).

Here, the trial court plainly erred in granting Bell's CR 50 motion. To acquire title to another's land under the doctrine of adverse possession, a person must "possess[] the property for at least 10 years in a manner that is '(1) open and notorious, (2) actual and uninterrupted, (3) exclusive, and (4) hostile.'" *Gorman v. City of Woodinville*, 175 Wn.2d 68, 71, 283 P.3d 1082 (2012) (quoting *ITT Rayonier, Inc. v. Bell*, 112 Wn.2d 754, 757, 774 P.2d 6 (1989)). In her case-in-chief, Bell presented testimony relating to each of these elements. Especially relevant here, Hayes (a former owner of the Schupp Property) testified that upon purchasing the property in 1989 he tore down a barbed wire fence separating the

properties that was situated in the middle of the driveway on the Bell Property and "g[a]ve the property" to George Bourcier, the former owner of the Bell Property. Hayes also testified that in 1991 he constructed the fence that separated the properties and that this fence remained in place until after Schupp purchased the property from him in 2006.

The record indicates that Schupp, if given the opportunity, would have presented contrary testimony. Indeed, Schupp's attorney told the trial court, after the close of Bell's case-in-chief, that he has a "long list of witnesses [who] will say exactly the opposite of what [Bell's] witnesses have said" and that Schupp intended to proceed on her counterclaims. Further, in support of her motion for reconsideration filed after trial, Schupp supplied a sworn declaration from Frederick Price—Bell's neighbor who was listed as a defense witness and was prepared to testify at trial—stating that Hayes (1) had never given or conveyed any portion of the Bell Property to Bourcier and (2) did not construct the fence separating the properties until "several years after" Bourcier's death in 1992.

Notwithstanding Schupp's protestations, the trial court orally granted Bell's CR 50 motion and thereby prevented Schupp from presenting controverting evidence in her case-in-chief. Worse, the trial court ruled in Bell's favor because it "found no contrary testimony presented during [Bell's] side of the case to say anything different" about whether the elements of adverse possession had been met. In its written findings of fact and conclusions of law issued after the trial, the court likewise stated that it "found no contrary testimony forthcoming to say anything different" to the testimony of Bell's witnesses. The court further stated:

> Given that there would be no testimony to controvert Mr. Hayes' testimony during this ten-year period, the court does find that title vested in that 10-year time period from 1991 to 2001, and that title vested in Plaintiff's predecessors via adverse possession by 2001. The court found there would be no testimony adverse to that.

In other words, the trial court faulted Schupp for failing to present adverse testimony even though, as a result of the court's ruling granting Bell's motion, Schupp was never afforded the opportunity to present such testimony.

CR 50 does not permit such a result. Under CR 50(a)(1), quoted above, a motion for judgment as a matter of law (as motions for directed verdict are now called) may be filed "during a trial by jury" after the nonmoving party "has been fully heard with respect to an issue." CR 50(a)(2) similarly states, "A motion for judgment as a matter of law may be made at any time before submission of the case to the jury." Here, contrary to CR 50(a)(1) and (2), the trial court granted Bell's motion at a bench trial, not a jury trial, and it granted the motion before Schupp had been fully heard with respect to the adverse possession claim. The trial court thus erred in granting Bell's motion.

Both before and after CR 50 was amended to replace motions for a directed verdict with motions for judgment as a matter of law, Washington courts repeatedly recognized that a litigant must be afforded an opportunity to dispute controverted issues before the trial court grants a CR 50 motion. *See e.g. Butson v. Dep't of Labor and Indus.*, 189 Wn. App. 288, 297, 354 P.3d 924 (2015) ("A CR 50 motion is properly granted after the nonmoving party presents its case and before the moving party presents its case."); *Smith v. Fourre*, 71 Wn. App. 304, 306, 858 P.2d 276 (1993) (error to grant defendant's motion to dismiss before plaintiff had

completed presenting her case because "[a] fundamental principle of law is that every litigant is entitled to be heard before his or her case is dismissed"); *State v. Reader's Digest Ass'n, Inc.*, 81 Wn.2d 259, 265, 501 P.2d 290 (1972) ("[A] plaintiff's motion to dismiss, made at the end of his own case, . . . should not be granted . . . if the defendant elects to proceed with the case.") (internal citations omitted).[3]  That did not occur here.

Notably, in denying Bell's motion for summary judgment on her adverse possession claim, the trial court acknowledged  that "[t]here's some issues here that I do think . . . might need to be addressed at trial" because "I remain somewhat concerned about some of . . . the evidence as far as do I have a clear basis at this time right now to say that there was a continuous, hostile use of that property for the requisite statutory [period]?"  But by granting Bell's CR 50 motion at the close of her case-in-chief, the trial court prevented Schupp from addressing these issues by testifying at trial, calling witnesses, and presenting other evidence refuting Bell's claims and in support of her counterclaims.  Given that the trial court "focused primarily on the testimony of Norman Hayes" in ruling in Bell's favor, Price's testimony undermining Hayes' testimony could have provided a "legally sufficient evidentiary basis" for a reasonable fact finder to have found for Schupp on some or all of the elements of Bell's adverse possession claim.  *See* CR 50(a).  For all

---

[3] *See also Clallam Title and Escrow v. Pronesti*, No. 57169-2-II, slip op. at 4-6 (Wa. Ct. App. Sept. 12, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2057169-2-II%20Unpublished%20Opinion.pdf (error to grant CR 50 motion before nonmoving party could present its case).  Although *Pronesti* is an unpublished opinion, we may properly cite and discuss unpublished opinions where, as here, doing so is "necessary for a reasoned decision."  GR 14.1(c).

these reasons, we reverse the trial court's ruling granting Bell's CR 50 motion on her adverse possession claim and remand for a new trial on that claim.[4]

**C**

Following trial, the trial court issued an order granting Bell's motion for attorney fees and costs pursuant to RCW 7.28.083(3), which authorizes courts to award costs and reasonable attorney fees to "[t]he prevailing party in an action asserting title to real property by adverse possession." In its order, the court stated that it awarded attorney fees and costs to Bell because it "granted [Bell's] motion for a directed verdict during a bench trial, based on [Bell's] claim of adverse possession." The order further states, "RCW 7.28.083(3) allows for [Bell] to move for attorney fees and costs on a claim of adverse possession, but also for those fees and costs on claims that cannot be segregated from the claim of adverse possession." The trial court subsequently issued a second order on January 19, 2024, following its denial of Schupp's motion for reconsideration, awarding additional attorney fees to Bell pursuant to RCW 7.28.083(3) because the statute "allows for [Bell] to move for attorney fees and costs on a claim of adverse possession, including posttrial motion work related to the claim." Because we

---

[4] Because we hold that the trial court erred in granting Bell's CR 50 motion on her adverse possession claim, we need not reach her additional argument that the trial court abused its discretion in denying her motion for reconsideration under CR 59. Nonetheless, one of the enumerated grounds for reconsideration is "Irregularity in the proceedings of the court . . . or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial." CR 59(a)(1). Given our analysis and holding in the text above, the trial court abused its discretion by failing to grant Schupp's motion for reconsideration on this basis. *See Barefield v. Barefield*, 69 Wn.2d 158, 162-63, 417 P.2d 608 (1966) (trial court's summary award of custody to respondent at the conclusion of petitioner's case-in-chief in divorce hearing was an irregularity that deprived petitioner of a fair trial).

reverse the trial court's entry of judgment in favor of Bell on her adverse possession claim, we vacate the trial court's orders awarding prevailing party attorney fees and costs under RCW 7.28.083(3) because Bell is no longer a prevailing party on that claim.[5]

Lastly, both parties also request attorney fees on appeal pursuant to RAP 18.1 as a prevailing party under RCW 7.28.083(3). We have repeatedly held that "[w]here both parties prevail on major issues, neither is entitled to attorney fees." *Chiu v. Hoskins*, 27 Wn. App. 2d 887, 903, 534 P.3d 412 (2023) (quoting *Sardam v. Morford*, 51 Wn. App. 908, 911, 756 P.2d 174 (1988)). Here, Bell has prevailed on major issues relating to her prescriptive easement claim, while Schupp has prevailed on major issues relating to Bell's adverse possession claim. Thus, as in *Chiu*, neither party is entitled to recover prevailing party attorney fees on appeal.

Affirmed in part, reversed in part, and remanded.

_____
Feldman, J.

WE CONCUR:

_____
Chung, J.

_____
Bowman, J.

---

[5] Because we remand for a new trial, we express no opinion on whether Bell is entitled to recover attorney fees and costs under RCW 7.28.083(3) in connection with her prescriptive easement claim. *See Clark County v. W. Wash. Growth Mgmt. Hr'gs Review Bd.*, 177 Wn.2d 136, 145-47, 298 P.3d 704 (2013) (appellate courts "retain wide discretion in determining which issues must be addressed in order to properly decide a case on appeal" and "must address only those claims and issues necessary to properly resolving the case as raised on appeal by interested parties"). For similar reasons, we express no opinion on Schupp's argument that the trial court "erred in entering judgment of adverse possession where plaintiff Bell's predecessors in interest failed to exhaust administrative remedies."