974 P.2d 1253 (1999)
STATE of Washington, Respondent,
v.
[R.H.S.], B.D. 05-04-82, Appellant.[1]
No. 41940-4-I.
Court of Appeals of Washington, Division 1.
March 1, 1999.
Publication Ordered March 22, 1999.
*1255 James Robert Dixon, Nielsen, Broman & Associates, Seattle, for Appellant.
Kristen Johnson Chandler, Deputy Prosecutor, King County Prosecuting Attorney's Office, Appellate Unit, Seattle, for Respondent.
*1254 KENNEDY, C.J.
RHS appeals his conviction for second degree assault. He argues that the objective component of the definition of recklessness, an element of the offense, makes relevant testimony relating to his actual knowledge of the risk of harm associated with his punching another youth in the face. We agree. And while there is substantial evidence that RHS knew the risk of harm, the trial court, under the mistaken belief that actual knowledge was irrelevant, erred in excluding his testimony asserting the absence of knowledge. The State fails to demonstrate that the error was harmless beyond a reasonable doubt. We reverse and remand for a new trial.

FACTS
The State charged RHS with second degree assault after he punched a 15-year-old boy in the face. The victim suffered a serious injury to his eye, which required surgery. In a bench trial, RHS testified that he did not intend to cause the injury, but the court excluded testimony regarding whether he in fact knew that his punch could cause substantial bodily harm. The court convicted RHS as charged and sentenced him within the standard range.

DISCUSSION
1. Sufficiency of the evidence.
Second degree assault requires proof of an intentional assault, which thereby recklessly inflicts substantial bodily harm.[2] Substantial bodily harm includes a bodily injury that causes a temporary but substantial disfigurement, substantial impairment of the function of any bodily part, or a fracture of any bodily part.[3] RHS does not contest the fact that he intentionally assaulted the victim or that the assault resulted in substantial bodily harm. Instead, he argues that the State failed to prove that he knew that there was a risk that his punch could result in substantial bodily harm. We disagree.
In determining whether the evidence is sufficient to support the court's verdict, we must ask, viewing the evidence in the light most favorable to the State, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant."[5]
*1256 "A person is reckless or acts recklessly when he knows of and disregards a substantial risk that a wrongful act may occur and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation."[6] Reckless conduct, therefore, includes a subjective and objective component. Whether an act is reckless depends on both what the defendant knew and how a reasonable person would have acted knowing these facts.
The trier of fact is permitted to find actual subjective knowledge if there is sufficient information that would lead a reasonable person to believe that a fact exists.[7] Without question, any reasonable person knows that punching someone in the face could result in a broken jaw, nose, or teeth, each of which would constitute substantial bodily harm. Accordingly, the evidence was sufficient to support the court's verdict.
2. Admissibility of evidence relating to the defendant's actual knowledge.
Although the trial court is permitted to infer knowledge, RHS argues that evidence relating to his actual knowledge of the likelihood of substantial bodily harm is relevant. He contends that he was denied his constitutional right to present a defense when the trial court excluded this testimony. We agree.
A defendant in a criminal case has a constitutional right to present relevant evidence establishing his version of the facts so that the trier of fact can decide where the truth lies.[8] Evidence is relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.[9] It is apparent from the record that the trial court incorrectly assumed that RHS's actual knowledge was irrelevant.
Defense counsel asked RHS whether he had "ever heard of anyone breaking the bones around their eye from getting hit?" The prosecutor objected on relevancy grounds, arguing "that what was reckless about him was his conduct and having reckless disregard for what the possible consequences were of hitting someone in the eye." The defense argued "that whether or not he was able to foresee the likelihood" of causing substantial bodily harm was relevant. The court sustained the objection.
Defense counsel's explanation focused on the exact issue raised on appeal, the subjective component of reckless conduct. The question may not have been artfully phrased, but with the explanation given, the relevance of the inquiry was established. The State's response, followed immediately by the court's ruling, illustrates that both the deputy prosecutor and the trial court seemingly misunderstood the interrelationship between the subjective component of reckless conduct and the rulings in State v. Johnson and State v. Shipp.[10] In most cases the defendant is never asked to testify as to his subjective knowledge. But where he does seek to so testify, it is error to reject the testimony, self-serving as it may be.
While it is possible that RHS's testimony is "so incredible that its exclusion *1257 is harmless error," we are not the arbiters of credibility.[11] We must take the testimony to be true and evaluate its likely effect on the outcome of the trial.[12] Because the testimony, if believed, would establish a defense to second degree assault, we are unable to declare that the error is harmless beyond a reasonable doubt.[13] Accordingly, we reverse and remand for a new trial.
BAKER and AGID, JJ., concur.
NOTES
[1] The appellant herein is a juvenile and he will be referenced by the initials RHS.
[2] RCW 9A.36.021(1)(a).
[3] RCW 9A.04.110(4)(b).
[4] State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992).
[5] State v. Partin, 88 Wash.2d 899, 907, 567 P.2d 1136 (1977).
[6] RCW 9A.08.010(1)(c).
[7] See RCW 9A.08.010(1)(b); see also State v. Johnson, 119 Wash.2d 167, 174, 829 P.2d 1082 (1992) (holding, "The jury is permitted to find actual subjective knowledge if there is sufficient information which would lead a reasonable person to believe that a fact exists."). The Washington Supreme Court has construed RCW 9A.08.010(1)(b)(ii) as creating a permissive inference, rather than a mandatory presumption. See State v. Shipp, 93 Wash.2d 510, 515-16, 610 P.2d 1322 (1980).
[8] State v. Rehak, 67 Wash.App. 157, 162, 834 P.2d 651 (1992).
[9] ER 401.
[10] In fact, during closing argument, the court overruled an objection to the prosecutor's characterization of the definition of recklessness as including only an objective component. The court stated: "I'm going to overrule the objection because I think the issue is what a reasonable person would know or expect or understand might happen, not what a particular individual did."
[11] State v. Maupin, 128 Wash.2d 918, 929, 913 P.2d 808 (1996).
[12] See Maupin, 128 Wash.2d at 930, 913 P.2d 808.
[13] See State v. Guloy, 104 Wash.2d 412, 425, 705 P.2d 1182 (1985).