239 P.3d 366 (2010)
STATE of Washington, Respondent,
v.
Kenneth Michael LaPLANT, Appellant.
No. 39602-5-II.
Court of Appeals of Washington, Division 2.
July 13, 2010.
Publication Ordered September 14, 2010.
Catherine E. Glinski, Attorney at Law, Manchester, WA, for Appellant.
Randall Avery Sutton, Kitsap Co. Prosecutor's Office, Port Orchard, WA, for Respondent.
WORSWICK, J.
¶ 1 Kenneth LaPlant appeals from his conviction for unlawful possession of methamphetamine, arguing that the trial court's refusal to instruct the jury on unlawful use of drug paraphernalia as a lesser included offense violated his right to present a defense. We affirm.[1]

FACTS
¶ 2 On April 4, 2009, during a lawful search, a deputy found a plastic baggie, containing what later tested positive as methamphetamine residue, in LaPlant's vehicle. LaPlant told the deputy that he had used the methamphetamine in the baggie the night before. The State charged LaPlant with unlawful possession of methamphetamine from March 28 to April 4, 2009. During trial, LaPlant admitted that he had stored methamphetamine in the baggie but thought he had used all of the methamphetamine the night before and so did not know he was in possession of methamphetamine when the deputy seized the baggie. He asked the trial *367 court to instruct the jury on the lesser crime of unlawful use of drug paraphernalia. After initially granting his request, the trial court ultimately denied it, noting that a defendant could possess a controlled substance without using drug paraphernalia. A jury found LaPlant guilty as charged and he appeals.

ANALYSIS
¶ 3 A defendant is entitled to a lesser included offense instruction if (1) each of the elements of the lesser offense is a necessary element of the offense charged (legal prong) and (2) the evidence in the case supports an inference that only the lesser crime was committed (factual prong). State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978). The factual prong is satisfied when, viewing the evidence in the light most favorable to the party requesting the instruction, substantial evidence supports a rational inference that the defendant committed only the lesser included or inferior degree offense to the exclusion of the greater one. State v. Fernandez-Medina, 141 Wash.2d 448, 461, 6 P.3d 1150 (2000).
¶ 4 We review de novo the legal prong of a request for a jury instruction on a lesser included offense. State v. Walker, 136 Wash.2d 767, 772, 966 P.2d 883 (1998). We review for abuse of discretion the factual prong of a request for a jury instruction on a lesser included offense. Walker, 136 Wash.2d at 771-72, 966 P.2d 883.
¶ 5 The crime of unlawful possession of a controlled substance requires proof of two elements: (1) possession (2) of a controlled substance. RCW 69.50.4013(1). The crime of unlawful use of drug paraphernalia requires proof of three elements: (1) use (2) of drug paraphernalia (3) to "plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." RCW 69.50.412(1). "Drug paraphernalia" means:
all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance.
RCW 69.50.102.
¶ 6 The elements of unlawful use of drug paraphernalia are not necessary elements of unlawful possession of a controlled substance. A defendant can possess a controlled substance without using drug paraphernalia. Moreover, proof that a defendant used drug paraphernalia requires proof of an element not found in the crime of possession, i.e., that the defendant used the drug paraphernalia in a prescribed manner. Thus, the trial court did not err in ruling that LaPlant's request for a lesser included instruction for unlawful use of drug paraphernalia did not meet the legal prong of the Workman test. Because LaPlant's argument fails on the legal prong, we need not address the factual prong. The trial court did not err when it denied LaPlant's request for a lesser included instruction on unlawful use of drug paraphernalia.
¶ 7 Affirmed.
We concur: ARMSTRONG and VAN DEREN, JJ.
NOTES
[1] A commissioner of this court initially considered LaPlant's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.