

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE DEC 27 2018

~~~ Hunst. CJ
CHIEF JUSTICE

This opinion was filed for record

at 8 a.m. on Dec 27, 2018

Susan L. Carl

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 95194-2 |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| JOHN ANTHONY CHACON, | ) | |
| | ) | |
| Petitioner. | ) | Filed _____ DEC 2 7 2018 |

MADSEN, J.—John Chacon seeks reversal of an unpublished Court of Appeals opinion affirming his conviction for second degree assault and criminal trespass. At trial, the judge instructed the jury on reasonable doubt, using 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 4.01, at 93 (4th ed. 2016) (WPIC), but omitted the last sentence of that instruction, which states, "The defendant has no burden of proving that a reasonable doubt exists." *See* Clerk's Papers (CP) at 30-31, 66.[1] Chacon failed to object to the instruction but argues that the omission is a manifest constitutional error, which may be reviewed for the first time on appeal pursuant to RAP

---

[1] It is not clear why the sentence was omitted. The State's proposed instruction included the sentence, and Chacon claims he did too, although his proposed instructions are not in the appellate record.

2.5(a)(3). Further, relying on *Sullivan v. Louisiana*, 508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993), Chacon claims the error is not subject to a harmless error analysis.

We hold the instruction given here was not manifest constitutional error and affirm Chacon's conviction.

## FACTS

Chacon was charged with second degree assault and first degree criminal trespass, following an altercation and subsequent arrest at the Olympia Senior Center. At trial, the State and defense both provided the court with proposed jury instructions, and the State specifically provided the court with WPIC 4.01, the burden of proof instruction. However, the instruction to the jury did not include the last sentence of the instruction, as mentioned above.

## ANALYSIS

### RAP 2.5(a)(3)

Chacon did not object to the court's reasonable doubt instruction. Ordinarily, we do not consider unpreserved errors raised for the first time on review. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). However, manifest errors affecting a constitutional right may be raised for the first time on appeal. RAP 2.5(a)(3); *In re Dependency of M.S.R.*, 174 Wn.2d 1, 11, 271 P.3d 234 (2012). Chacon argues that he is entitled to review under RAP 2.5(a)(3) because the omission of language in the reasonable doubt instruction was manifest constitutional error.

To determine whether manifest constitutional error was committed there must be "'a plausible showing by the [appellant] that the asserted error had practical and

identifiable consequences in the trial of the case.'" *State v. O'Hara*, 167 Wn.2d 91, 99, 217 P.3d 756 (2009) (alteration in original) (internal quotation marks omitted) (quoting *State v. Kirkman*, 159 Wn.2d 918, 935, 155 P.3d 125 (2007)).

Some jury instruction errors have been held to constitute manifest constitutional error in this state such as shifting the burden of proof to the defendant, *State v. McCullum*, 98 Wn.2d 484, 487-88, 656 P.2d 1064 (1983) (plurality opinion); omitting an element of the crime charged, *State v. Johnson*, 100 Wn.2d 607, 623, 674 P.2d 145 (1983), *overruled on other grounds by State v. Bergeron*, 105 Wn.2d 1, 711 P.2d 1000 (1985); and failing to define the "beyond a reasonable doubt" standard, *State v. McHenry*, 88 Wn.2d 211, 214, 558 P.2d 188 (1977), among others. *See O'Hara*, 167 Wn.2d at 100-01. In contrast, this court has held that failing to instruct on a lesser included offense, *State v. Kwan Fai Mak*, 105 Wn.2d 692, 745-49, 718 P.2d 407 (1986), and failing to define individual terms, *Scott*, 110 Wn.2d at 690-91, do not constitute manifest constitutional errors. This court has not yet considered whether failing to inform the jury that the defendant bears no burden to prove that a reasonable doubt exists constitutes manifest constitutional error.

Constitutional Requirements

The Sixth Amendment to the United States Constitution requires that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. CONST. amend. VI. It is well settled that the right to a jury trial is a fundamental right, essential to a fair trial. *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968). "The right includes, of course, as its most important

element, the right to have the jury, rather than the judge, reach the requisite finding of 'guilty.'" *Sullivan*, 508 U.S. at 277 (citing *Sparf v. United States*, 156 U.S. 51, 105-06, 15 S. Ct. 273, 39 L. Ed. 343 (1895)). "What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving all elements of the offense charged and must persuade the factfinder 'beyond a reasonable doubt' of the facts necessary to establish each of those elements." *Id.* at 277-78 (citations omitted).

To satisfy due process under the Fourteenth Amendment, the prosecution bears the burden of proving every element of every crime beyond a reasonable doubt. U.S. CONST. amend. XIV; *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). It is well settled that the beyond a reasonable doubt standard is required for due process, but the constitution neither prohibits courts from defining reasonable doubt nor does it require them to do so. *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994).

Similarly, the presumption of innocence in favor of the accused is "'axiomatic and elementary'" and "is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976) (quoting *Coffin v. United States*, 156 U.S. 432, 453, 15 S. Ct. 394, 39 L. Ed. 481 (1895)). However, in *Kentucky v. Whorton*, the Supreme Court held that the due process clause of the Fourteenth Amendment does not even absolutely require that an instruction on the

presumption of innocence be given.[2] 441 U.S. 786, 789-90, 99 S. Ct. 2088, 60 L. Ed. 2d 640 (1979). Instead, such failure must be evaluated in light of the totality of circumstances. *Id.* at 789.

In *Victor*, the Supreme Court considered two separate jury instructions. The instructions for defendant Sandoval did not state that the defendant bore no burden to show a reasonable doubt existed. In defendant Victor's instructions, there was a provision similar to WPIC 4.01, where the State's burden of proof "'never shifts.'" *Victor*, 511 U.S. at 7, 18. In both cases, that court found the jury instructions were constitutional. What *Victor* makes clear is that due process is primarily concerned that the jury understands the State's burden of proof—that the State must prove each element of each charged crime beyond a reasonable doubt.

Manifest Error

The Sixth and Fourteenth Amendments collectively require that a jury is instructed on the proper burden of proof and the defendant's presumption of innocence, and that a jury verdict is the result of a complete understanding of those requirements. Thus, in

---

[2] The dissent seems to suggest we are relying on *Whorton* to justify the omission of the last sentence in WPIC 4.01. *See* dissent at 3. We are not. We cite it simply to reiterate due process requirements under the United States Constitution. *Wharton* held that failing to instruct on the presumption of innocence is not per se reversible error. We have taken the same approach in *In re Personal Restraint of Lile*, 100 Wn.2d 224, 228, 668 P.2d 581 (1983).

However, it is unnecessary to engage in a "totality of the circumstances" analysis à la *Whorton*. The presumption of innocence was clearly instructed to the jury. The jury instruction read, "A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt." CP at 31. There was no "lingering ambiguity" in the presumption of innocence instruction. *See* dissent at 4 n.1.

order for Chacon to show manifest constitutional error, he must prove his complaint falls under one of these principles.

Here, Chacon complains that the jury instruction deviates from WPIC 4.01, which provides:

> [The] [Each] defendant has entered a plea of not guilty. That plea puts in issue every element of [the] [each] crime charged. The [State] [City] [County] is the plaintiff and has the burden of proving each element of [the] [each] crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists [as to these elements].
>
> A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.
>
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. [If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.]

WPIC 4.01 at 93. The trial court omitted the last sentence: "The defendant has no burden of proving that a reasonable doubt exists." *See* CP at 30-31, 66. Relying on *State v. Bennett*, 161 Wn.2d 303, 165 P.3d 1241 (2007), Chacon urges that the failure to instruct the jury using WPIC 4.01, as directed by this court, is reversible constitutional error. We disagree.

In *Bennett*, the court was urged to invalidate a reasonable doubt instruction called a "*Castle* instruction," so named for the case that approved it, *State v. Castle*, 86 Wn. App. 48, 935 P.2d 656 (1997).[3] Specifically, Bennett argued that the phrases "real

---

[3] The *Castle* instruction in *Bennett* reads as follows:
> The State is the plaintiff and has the burden of proving each element of the crime beyond a reasonable doubt.

possibility" and "every possible doubt" used in the *Castle* instruction are not inherently

prejudicial but become so if the other words in the instruction fail to clarify their

meaning. *Bennett*, 161 Wn.2d at 315. Thus, in *Bennett*, the court was focused on the

language "real possibility" and "every possible doubt" relating to the State's burden of

proof. We held that the language used there did not violate the Constitution but exercised

our inherent supervisory powers in mandating the use of WPIC 4.01. *Id.* at 316-17.

Specifically, we stated:

> We have approved WPIC 4.01 and conclude that sound judicial practice
> requires that this instruction be given until a better instruction is approved.
> Trial courts are instructed to use the WPIC 4.01 instruction to inform the
> jury of the government's burden to prove every element of the charged
> crime beyond a reasonable doubt.

*Id.* at 318.

In *Bennett*, we did not mandate WPIC 4.01 because we believed it to be the

minimum constitutional requirement. We did so to promote uniformity and simplicity in

defining a core concept of our justice system. *Id.* We did not hold that failure to instruct

---

> A defendant is presumed innocent. This presumption continues
> throughout the entire trial unless during your deliberations you find it has been
> overcome by the evidence beyond a reasonable doubt.
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced
> of the defendant's guilt. There are very few things in this world that we know
> with absolute certainty, and in criminal cases the law does not require proof that
> overcomes every possible doubt. If, based on your consideration of the evidence,
> you are firmly convinced that the defendant is guilty of the crime charged, you
> must find him guilty. If on the other hand, you think there is a real possibility that
> he is not guilty, you must give him the benefit of the doubt and find him not
> guilty.

*Bennett*, 161 Wn.2d at 313.

in the words of WPIC 4.01 is a constitutional error, but we did instruct courts to use the WPIC instruction as it is a "clear, simple, accepted, and uniform instruction." *Id.*

The dissent argues it is error to examine the omission standing alone and we must consider the totality of the circumstances in evaluating whether there is manifest constitutional error. *See* dissent at 3-4. Yet Chacon raised a claim of error on the jury instruction alone, not the prosecutor's remarks at trial. RAP 2.5(a)(3) dictates that we focus on the claim of error.[4]

As explained above, the Constitution requires that a jury is informed of the State's burden of proof and that the defendant is presumed innocent until proved guilty. The jury instructions given in this case adequately relayed the State's burden of proof beyond a reasonable doubt and the defendant's presumption of innocence. The omitted language reinforces that the burden of proof rests entirely on the State. The instruction, as given here, did not amount to constitutional error.[5]

In arguing to the contrary, Chacon relies on *State v. Castillo*, 150 Wn. App. 466, 208 P.3d 1201 (2009), and *State v. Lundy*, 162 Wn. App. 865, 256 P.3d 466 (2011). In *Castillo*, the trial court opted not to use WPIC 4.01 over the defendant's objections. 150 Wn. App. at 470. Division One of the Court of Appeals reversed, stating that "there is

---

[4] The dissent decries our approach as based in "procedure." *See* dissent at 5. But Chacon relies on a procedural remedy to provide recourse due to his failure to object at trial. Thus, we must work within the framework of the asserted procedure to determine if we can provide the petitioner relief. RAP 2.5(a)(3) requires that the defendant "show how the *alleged error* actually affected the defendant's [constitutional] rights at trial." *Kirkman*, 159 Wn.2d at 926-27 (emphasis added).

[5] Division Two has also held that failing to provide the *Bennett* instruction is not an error of constitutional magnitude. *See State v. Jimenez Macias*, 171 Wn. App. 323, 331, 286 P.3d 1022 (2012).

nothing ambiguous about the supreme court's directive: trial courts are to use *only* WPIC 4.01 as the reasonable doubt instruction 'until a better instruction is approved.'" *Id.* at 472 (boldface omitted). However, the court did not hold that failure to instruct using WPIC 4.01 was itself constitutional error. Rather, the court found several flaws in the trial court's instruction. First, the court noted the jury instruction given lacked an equivalent to the last sentence of WPIC 4.01, which in context was significant because the prosecutor's cross-examination and closing argument suggested that Castillo had an obligation to prove a witness was lying. *Id.* at 473. Second, the court was concerned with use of the word "ingenious."[6] It noted the difference in two dictionary definitions of that word, that the difference in the meanings was problematic, and that one or more of the definitions might be obsolete and misleading to the jury. *Id.* at 473-74. Thus, the court rejected the State's harmless error argument and found reversible error based on the trial court's failure to use WPIC 4.01 in defiance of this court's mandate and failing to provide a superior alternative to that jury instruction. *Id.* at 472-73.

*Castillo* does not support Chacon's argument for manifest constitutional error. First, the instruction in that case bears no resemblance to the instruction here. Second,

---

[6] The instruction in *Castillo* read, in part,

> A "reasonable doubt" is not a fanciful or ingenious doubt or conjecture, but an honest, conscientious doubt suggested by the material evidence or lack of it in the case. It is an honest misgiving caused by insufficiency of proof of guilt. Proof beyond a reasonable doubt does not mean proof to an absolute or mathematical certainty, but it does mean proof which leaves you firmly convinced of the defendant's guilt. The proof need not exclude every hypothesis or possibility of innocence, but proof beyond a reasonable doubt must exclude every fair and rational hypothesis except that of guilt.

*Castillo,* 150 Wn. App. at 470-71.

9

the *Castillo* court did not end its discussion with its reminder that courts have been instructed to use WPIC 4.01. Instead, the court analyzed the instruction given in light of the Constitution's due process requirements. Third, the defendant in *Castillo* timely objected and, therefore, the Court of Appeals did not consider whether giving the instruction was manifest constitutional error.

Chacon also argues that if this court rejects what he describes as *Castillo*'s automatic reversal rule, then we should follow *Lundy* and apply a harmless error analysis. He contends the error in his trial was not harmless. Similar to this case, in *Lundy* the court examined a modified WPIC 4.01 jury instruction that was unobjected to by the defendant.[7] While the court determined it was improper to modify WPIC 4.01, it also noted that doing so "[does not] automatically constitute[] reversible error." *Lundy*, 162 Wn. App. at 872. The court in *Lundy* applied a constitutional harmless error analysis and concluded the defendant was not prejudiced by the modified jury instruction. *Id.* at 872-73. In the proper case we might find *Lundy* persuasive. However, we believe in the

---

[7] The jury instruction read:

> A defendant is presumed innocent. This presumption continues throughout the entire trial unless you find during your deliberations that it has been overcome by evidence beyond a reasonable doubt.
>
> Each crime charged by the State includes one or more elements which are explained in a subsequent instruction. The State has the burden of proving each element of a charged crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists.
>
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

*Lundy*, 162 Wn. App. at 870-71. Essentially, compared to WPIC 4.01, the first two paragraphs are switched in the trial court's instruction.

absence of an objection, the proper analysis is to determine whether the claimed error was manifestly unconstitutional.

Manifest constitutional error requires a showing that the alleged error itself had "practical and identifiable consequences." Here, the instruction given by the trial court did not misinform the jury of the State's burden of proof, as the evidentiary standard was explicitly relayed to the jury. The omitted provision only reinforces and reiterates to the jury that the burden of proof lies *entirely* with the prosecution. We find no manifest constitutional error.

## CONCLUSION

The instruction given in this case, omitting language that the defendant bears no burden of proving a reasonable doubt exists, does not violate the Sixth and Fourteenth Amendments and is not manifest constitutional error.

No. 95194-2

_Madsen, J._

WE CONCUR:

No. 95194-2

GONZÁLEZ, J. (dissenting)—"This court, as guardians of all constitutional protections, is vigilant to protect the presumption of innocence." *State v. Bennett*, 161 Wn.2d 303, 316, 165 P.3d 1241 (2007). In exercising our role as guardians, we recognize that the presumption of innocence is "too fundamental, too central to the core of the foundation of our justice system not to require adherence to a clear, simple, accepted, and uniform [presumption of innocence] instruction." *Id.* at 318. In John Chacon's case, the jury was not instructed on a crucial aspect of the presumption: "The defendant has no burden of proving that a reasonable doubt exists." Clerk's Papers at 30-31, 66. "In determining whether a claimed error is manifest, a reviewing court should view the error in the context of the record as a whole, rather than in isolation." *State v. Burke*, 163 Wn.2d 204, 224, 181 P.3d 1 (2008) (Madsen, J., dissenting) (citing *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492 (1988)). The majority fails to properly apply this approach. If it had, it would find manifest constitutional error. RAP 2.5(a)(3). I respectfully dissent.

Here, neither party objected to the incomplete instruction. The record suggests the parties mistakenly believed the court gave the entire reasonable doubt pattern jury instruction. The court's failure to give a complete instruction on the burden of proof implicates the constitutional right to a fair trial. The State's burden of proof beyond a reasonable doubt is "the bedrock principle of the presumption of innocence, the foundation of our criminal justice system." *State v. Warren*, 165 Wn.2d 17, 27, 195 P.3d 940 (2008) (prosecutor's argument was improper because it undermined the presumption of innocence).

The omission alone may not be enough to show manifest constitutional error. But here, during closing argument, the prosecutor misstated the burden of proof by telling the jurors that finding no reasonable doubt meant they believed Chacon "did it." Report of Proceedings (RP) at 514. In response, defense counsel informed the jury that the defendant did not have a burden to prove reasonable doubt, but, during rebuttal, the prosecutor suggested that conviction was required because the defendant failed to provide evidence of his innocence. *See id.* at 561, 581-82.

The court's omission in the jury instructions affected Chacon's interconnected constitutional rights given the closing arguments in this case. U.S. CONST. amends. VI, XIV; WASH. CONST. art. I, §§ 3, 22. Chacon was tried with an incomplete reasonable doubt instruction, and since the prosecutor repeatedly

misstated the burden, the alleged error is sufficiently manifest and demands review. The trial court omitted a sentence from Washington Pattern Jury Instructions: Criminal 4.01 (WPIC) regarding the defendant's lack of burden to establish reasonable doubt. *Bennett*, 161 Wn.2d at 317-18. Both parties agree the court should have used the complete language of WPIC 4.01, including the sentence regarding defendant's lack of burden. So do we. The error, coupled with the improper arguments, had "practical and identifiable" consequences at trial: jurors were misinformed about the burden of proof. *State v. Lamar*, 180 Wn.2d 576, 583, 327 P.3d 46 (2014).

The majority relies on *Kentucky v. Whorton* for the proposition that due process "does not even absolutely require that an instruction on the presumption of innocence be given." Majority at 4 (citing *Kentucky v. Whorton*, 441 U.S. 786, 789-90, 99 S. Ct. 2088, 60 L. Ed. 2d 640 (1979)). "Instead, such failure must be evaluated in light of the totality of circumstances." *Id.* at 5. The majority focuses on whether the omission, standing alone, constituted prejudice. *See id.* at 5-10. This is wrong.[1] The jury must understand that the State must prove the defendant guilty beyond a reasonable doubt and that the defendant has no burden of proof

---

[1] The majority says Chacon "raised a claim of error on the jury instruction alone, not the prosecutor's remarks at trial." Majority at 8. I disagree. *We* limited our review in this case to WPIC 4.01. Order, No. 95194-2 (Feb. 7, 2018); Suppl. Br. of Pet'r at 17 n.10. Chacon argued the prosecutor's remarks at trial prejudiced him. *See* Pet. for Review at 18; Suppl. Br. of Pet'r at 17-18. Our analysis of the prosecutor's remarks goes to whether, given the cumulative effective of the remarks and the instructional error, Chacon is entitled to relief.

whatsoever. *See Bennett*, 161 Wn.2d at 318 ("Trial courts are instructed to use the WPIC 4.01 instruction to inform the jury of the government's burden to prove every element of the charged crime beyond a reasonable doubt.").[2] Further, we must consider "the totality of the circumstances," including "all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors." *Whorton*, 441 U.S. at 788-89.

In this case, the evidence was not overwhelming; it was "contradictory and inconclusive," and therefore, "correct[ ] place[ment of] the burden . . . was vital" to the outcome.[3] *In re Pers. Restraint of Lile*, 100 Wn.2d 224, 229, 668 P.2d 581 (1983). As discussed, the prosecutor misstated the burden of proof requirement in both closing argument and rebuttal, suggesting the jury should find guilt if the jury

---

[2] The simultaneously complex and crucial nature of the reasonable doubt instruction is a likely reason why all published federal pattern jury instructions include language specifying the defendant's lack of burden in addition to instructions on the State's burden of proof. Moreover, a majority of states with published jury instructions include this language as well. Empirical research and the national trend of robust jury instructions highlight the need to instruct juries on the State's burden of proof *and* the defendant's lack of burden.

A study of postverdict jurors found that nearly one-third of the jurors believed as long as the State presents some evidence, "it becomes the defendant's responsibility to persuade the jury of his [or her] innocence." Lawrence M. Solan, *Refocusing the Burden of Proof in Criminal Cases: Some Doubt about Reasonable Doubt*, 78 TEX. L. REV. 105, 119-20 (1999) (citing Bradley Saxton, *How Well Do Jurors Understand Jury Instructions? A Field Test Using Real Juries and Real Trials in Wyoming*, 33 LAND & WATER L. REV. 59 (1998)).

The majority declares, "The omitted provision only reinforces and reiterates to the jury that the burden of proof lies *entirely* with the prosecution." Majority at 11. This is demonstrably false. Lingering ambiguity in any instruction is contrary to the presumption of innocence and would only serve to confuse the jury.

[3] The parties disputed whether Chacon caused Officer Davis' injury. The other officers present did not see Chacon strike Officer Davis, and Officer Davis' doctor was uncertain of the cause of the injury.

*believed* Chacon "did it." RP at 514. But it is possible to believe Chacon "did it" yet also have a reasonable doubt that it was proved beyond a reasonable doubt. Confronted with an omitted instruction, it is the "combined effect in light of the particular nature of this case that constitutes actual prejudice." *Lile*, 100 Wn.2d at 229. Thus, Chacon shows that the incomplete instruction prejudiced him. He is entitled to review, and he is entitled to relief.

When a jury fails to receive a complete instruction—and the totality of the circumstances indicate due process was violated—such an error represents a manifest injustice affecting a constitutional right. Chacon's fundamental due process rights deserve consideration on the merits, not disposal by procedure. The majority's holding eviscerates *Bennett*: jury instructions shall include a statement that the defendant has no burden whatsoever. 161 Wn.2d at 318. Respectfully, I dissent.

González, J.

_____, J.

_____, J.

Fairhurst, C.J.