# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50411-1-II |
| Respondent, | |
| v. | |
| JASON CYRANO BRANCH, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jason C. Branch appeals his second degree assault conviction. He argues the trial court erred by denying his request for an inferior degree jury instruction on fourth degree assault. We affirm.

## FACTS

### A. INCIDENT

One evening as Onteryo Booker-Guidry was walking to his car, he noticed four individuals approaching him. One of the individuals was Branch.

They grabbed Booker-Guidry, pushed him into the back seat, and drove him to Branch's home. Booker-Guidry remained at Branch's home for approximately two days. During this time, Branch punched Booker-Guidry in the mouth. Branch punched him "hard," breaking two of Booker-Guidry's teeth. Verbatim Report of Proceedings (VRP) (Jan. 23, 2017) at 164. Branch also cut Booker-Guidry's lip, causing it to bleed. Booker-Guidry has a scar from the cut.

No. 50411-1-II

The State charged Branch with second degree assault.[1]

B.      TRIAL

In addition to broken teeth and a bloody lip, Booker-Guidry testified during trial that the punch to his mouth caused him pain for "a week or two." VRP (Jan. 23, 2017) at 261. He also testified that the injury impacted his ability to eat because he could only eat soft, non-hot foods for "the next week or so." *Id.*

While discussing jury instructions, Branch requested an inferior degree jury instruction for fourth degree assault. He argued that "there is a factual question as it relates to substantial bodily harm." VRP (Feb. 2, 2017) at 1146. The trial court declined to give the proposed jury instruction for fourth degree assault.

The jury subsequently found Branch guilty of second degree assault. Branch appeals.

ANALYSIS

Branch contends his second degree assault conviction should be reversed based on instructional error. He argues that the trial court erred by not instructing the jury on the inferior degree offense of fourth degree assault. We disagree.

We review the trial court's refusal to give a requested jury instruction for an abuse of discretion if the decision is based on an issue of fact, as is the case here. *State v. Yelovich*, 191 Wn.2d 774, 778, 426 P.3d 723(2018). A trial court abuses its discretion if its decision is based on untenable grounds or reasons. *State v. Quaale*, 182 Wn.2d 191, 196-97, 340 P.3d 213 (2014).

---

[1]  The State also charged Branch with first degree robbery, first degree kidnapping, second degree robbery, and felony harassment. The jury found Branch not guilty of these offenses, and they are not the subject of this appeal.

2

A defendant is entitled to an instruction on an inferior degree offense if he or she meets the following requirements:

(1) [T]he statutes for both the charged offense and the proposed inferior degree offense "proscribe but one offense"; (2) the information charges an offense that is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense.

*State v. Peterson*, 133 Wn.2d 885, 891, 948 P.2d 381 (1997) (quoting *State v. Foster*, 91 Wn.2d 466, 472, 589 P.2d 789 (1979); *State v. Daniels*, 56 Wn. App. 646, 651, 784 P.2d 579, *review denied*, 144 Wn.2d 1015 (1990)). At issue in this case is the third prong, or factual prong.

The factual prong is satisfied if the evidence would permit a jury to rationally find the defendant guilty of the lesser offense but acquit the defendant of the greater offense. *State v. LaPlant*, 157 Wn. App. 685, 687, 239 P.3d 366 (2010). Specifically, we look to whether the evidence raises an inference that only the inferior degree offense was committed to the exclusion of the charged offense. *State v. Fernandez-Medina*, 141 Wn.2d 448, 455, 6 P.3d 1150 (2000). "[W]hen substantial evidence in the record supports a rational inference that the defendant committed only the lesser included or inferior degree offense to the exclusion of the greater offense, the factual component of the test for entitlement to an inferior degree offense instruction is satisfied." *Id.* at 461. In determining whether the evidence at trial was sufficient to support an inferior degree offense instruction, we view the evidence in a light most favorable to the requesting party, who is Branch here. *Id.* at 455-56.

To convict on second degree assault, the State had to prove that Branch assaulted Booker-Guidry by recklessly inflicting substantial bodily harm. RCW 9A.36.021(1)(a). " 'Substantial bodily harm' means bodily injury which involves a temporary but substantial disfigurement, or

3

which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part." RCW 9A.04.110(4)(b). Branch would be guilty of fourth degree assault if he assaulted Booker-Guidry under circumstances not amounting to first, second, or third degree assault. RCW 9A.36.041(1).

Here, Branch cannot show that only fourth degree assault was committed. All parties agree that Branch struck Booker-Guidry in the mouth and broke two of his teeth. Booker-Guidry testified that the injury impacted his ability to eat because he could only eat soft, non-hot foods for "the next week or so." VRP (Jan. 23, 2017) at 261. He further testified that Branch punched him hard and cut his lip, causing it to bleed. Booker-Guidry has a scar from the cut. Booker-Guidry also testified that the punch to his mouth caused him pain for "a week or two." VRP (Jan. 23, 2017) at 261.

Branch argues that breaking teeth is not enough to elevate the injury to substantial bodily harm. But, in *State v. R.H.S.,* 94 Wn. App. 844, 847, 974 P.2d 1253 (1999), the court held, "Without question, any reasonable person knows that punching someone in the face could result in a broken jaw, nose, or teeth, each of which would constitute substantial bodily harm." Moreover, Booker-Guidry's broken teeth in conjunction with his testimony that he was in pain that lasted over a week, the impact on his ability to eat, and his scar from the assault all support substantial bodily harm.

Here, even when viewing the evidence in a light most favorable to Branch, no jury could rationally acquit Branch of second degree assault and find Branch guilty of only fourth degree assault. Tenable grounds support the trial court's decision to not give the requested inferior degree

4

instruction. Thus, the trial court did not abuse its discretion in declining to instruct the jury on the inferior degree offense of fourth degree assault.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, J.

Maxa, C.J.