IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77008-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| WILLIAM JAMES BROADY, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: June 17, 2019 |

SMITH, J. — William Broady and Malachi Morrissey were alone in the liquor aisle of a Safeway store when they removed bottles of liquor from the shelf and concealed them in their clothing. The store manager, who saw Broady and Morrissey on the store's security system, intercepted them near the store exit and requested they return the liquor. Broady pushed past the manager, saying, "'[D]on't . . . make me shoot you, fool.'"

Broady was later convicted of first degree robbery. He appeals, arguing that because he and Morrissey were alone in the liquor aisle when they removed the liquor from the shelf, there was insufficient evidence to prove that Broady's "taking" of the liquor occurred in the presence of another, or that Broady used or threatened force to effectuate the taking. But because a rational juror could have concluded that Broady did not finish "taking" the liquor until he exited the store, i.e., after his encounter with the store manager, we disagree and affirm.

FACTS

The State charged Broady with first degree robbery following a June 27, 2014, incident at an Everett Safeway store. Tom Warden, the store manager, testified at trial that he was in his office when he glanced at the store's security system and saw two men in the liquor aisle concealing bottles of liquor in their clothing. Warden left his office, ran across the store, and waited for the men, later identified as Broady and Morrissey, to exit past the point of sale. When they did so, Warden approached them and said, "I need those bottles back." Warden testified that Broady responded by shoving him, pushing his way past him, and saying, "'[D]on't . . . make me shoot you, fool.'"

Warden followed Broady and Morrissey out of the store, and Morrissey ran off. Broady walked toward a car in the parking lot and began to spin around toward Warden. As he did so, Warden saw a gun hit the ground. Warden believed Broady was attempting to point the gun at him. Warden testified that he froze, afraid that he was going to get shot. When the gun hit the ground, the magazine fell out. Warden ran up to it and grabbed the magazine, while Broady ran off with the gun. The gun turned out to be a pellet gun, but it did not have an orange tip to indicate that it was not an actual firearm, and an officer testified that "[i]t looked very realistic."

The jury convicted Broady of first degree robbery. Broady appeals.

ANALYSIS

Broady argues that the evidence presented at trial was insufficient to support his conviction. We disagree.

To satisfy the Fourteenth Amendment's due process guarantee, the State "bears the burden of proving every element of every crime beyond a reasonable doubt." State v. Chacon, 192 Wn.2d 545, 549, 431 P.3d 477 (2018). When a defendant challenges the sufficiency of the evidence presented to meet this burden, "he or she admits the truth of all of the State's evidence." State v. Cardenas-Flores, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). "In such cases, [we] view the evidence in the light most favorable to the State, drawing reasonable inferences in the State's favor." Cardenas-Flores, 189 Wn.2d at 265-66. "Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt." Cardenas-Flores, 189 Wn.2d at 265.

Washington follows the "transactional" approach to robbery. State v. Manchester, 57 Wn. App. 765, 770, 790 P.2d 217 (1990). Under the transactional approach, a person who initially takes property peacefully and outside of anyone's presence is nonetheless guilty of robbery if he uses force or fear to retain possession of the property immediately after the initial taking. State v. Handburgh, 119 Wn.2d 284, 293, 830 P.2d 641 (1992); see also Manchester, 57 Wn. App. at 770 (scope of "taking" for purposes of robbery includes "violence during flight immediately following the taking"). In other words, under the transactional approach, the State need not prove that force or fear was used to effectuate an *initial* taking of property if force or fear was used to *retain* the property immediately thereafter.

3

Broady concedes that Washington follows the transactional approach to robbery. But he points out that here, the court's to-convict instruction required the State to prove that (1) Broady took the liquor "from the person or in the presence of another"; (2) "the taking was against the person's will by [Broady's] use or threatened use of immediate force, violence, or fear of injury to that person"; and (3) "force or fear was used by [Broady] to obtain or retain possession of the property or to prevent or overcome resistance to the taking."[1] He then argues that although not required under Washington's transactional approach to robbery, this instruction required the State to prove not only that Broady used force or fear to obtain or retain possession of the liquor, but also that Broady's *initial* taking of the liquor occurred in the presence of another and was effectuated by Broady's use or threat of force. He contends that because he and Morrissey were alone when they initially removed the liquor from the store shelf, the State failed to prove its case.

Broady's argument is fatally flawed because it assumes that no rational juror would have interpreted the "taking" described in the court's to-convict instruction to refer to anything but Broady's initial removal of the liquor from the store shelf. But even without knowing anything about the transactional approach to robbery, a rational juror could have interpreted Broady's "taking" of the liquor not to have occurred until Broady exited the store, i.e., after his in-store encounter with Warden. Broady contends that such an interpretation would be

---

[1] The to-convict instruction included additional elements that are not relevant to our analysis.

"strained or hypertechnical," but it is *his* interpretation, which assumes that jurors would fixate on the initial removal of the liquor from the store shelf, that is the strained and hypertechnical one.

In short, a rational juror could have concluded that when Warden confronted Broady near the store exit and Broady responded by shoving him, saying, "'[D]on't . . . make me shoot you, fool,'" and pushing past him toward the store exit, Broady took the liquor both (1) in Warden's presence and (2) by threatened use of force against Warden's will. A rational juror could also have concluded that when Broady spun around in the parking lot, revealing to Warden what appeared to be a firearm, Broady used force or fear to retain possession of the liquor. Therefore, even if we accept for purposes of our analysis that the court's to-convict instruction required the State to prove elements not required under the transactional approach to robbery, the evidence presented at trial, viewed in the light most favorable to the State, was sufficient to prove those elements beyond a reasonable doubt.

We affirm.

WE CONCUR: