IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80728-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| J.L.R., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

ANDRUS, A.C.J. — J.R. was convicted of malicious mischief in the third degree, reckless driving, and operating a motor vehicle without a valid driver's license after she lost control of her car while doing "doughnuts" and spun out onto a soccer field. She appeals the malicious mischief conviction, arguing there was insufficient evidence to prove she acted maliciously. We conclude the evidence was sufficient and affirm the conviction.

                                    FACTS

On January 10, 2019, Burlington Police Officer Brandon Kuschnereit responded to calls of a vehicle in a field at Skagit River Park in Burlington, Washington. When he arrived, he saw a Toyota 4-Runner stuck in the grass on the soccer field, approximately 30 feet away from the adjacent gravel road.

Officer Kuschnereit found four occupants in the vehicle: J.R., the driver, and three passengers. J.R. was only fifteen at the time and had no valid driver's license.

Officer Kuschnereit saw a number of circular tire tracks and concluded the vehicle had been spinning, lost traction, and then "entered the grassy area of the soccer field where it continued to accelerate and turn," causing deep gouges in the grass. He testified that the gouges covered approximately 100 feet and were as deep as five or six inches. When Officer Kuschnereit asked J.R. about the tire tracks, J.R. told the officer that she had intentionally made the tracks in the gravel by accelerating and turning but insisted she had lost control of the vehicle and had accidentally driven off the gravel roadway. Employees from the city of Burlington originally estimated that the cost to repair the damage to the soccer field would be approximately $1500, but managed to complete repairs in-house for only $140.

The State charged J.R. with malicious mischief in the second degree, reckless driving, and driving without a valid operator's license. The trial court found that J.R. had intentionally spun her tires on the gravel road while doing "doughnuts" or "brodies" and, as a result, lost control of her vehicle and unintentionally went into the grass soccer field. The court further found that it was reasonably foreseeable that driving in such manner could have serious consequences, including losing control and driving into the field. But the court found that the State had proved only damage of between $100 and $175, and thus found J.R. guilty of the lesser included offense of malicious mischief in the third degree. The court also found her guilty of reckless driving, and driving without a valid operator's

- 2 -

license. The court sentenced J.R. to 16 hours of community service and six months of supervision.

ANALYSIS

On appeal, J.R. argues there was insufficient evidence to support her malicious mischief conviction because the State failed to prove she acted with malice in causing damage to the soccer field.[1]

To satisfy the Fourteenth Amendment's due process guarantee, the State must prove every element of a crime beyond a reasonable doubt. U.S. CONST. amend. XIV; State v. Chacon, 192 Wn.2d 545, 549, 431 P.3d 477 (2018). Because the sufficiency of the evidence is a question of constitutional law, we review this issue de novo. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

In considering a challenge to the sufficiency of the evidence, we determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992); Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences a trier of fact can draw from that evidence. Salinas, 119 Wn.2d at 201. We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. State v. Killingsworth, 166 Wn. App. 283, 287, 269 P.3d 1064 (2012).

---

[1] J.R. also argued in her opening brief that the juvenile court erred in failing to file findings of fact and conclusions of law as required under JuCR 7.11(d). The trial court, however, entered written findings before the State submitted its responsive brief. Because the trial court has now entered the required findings, we deem the issue moot. See State v. Cruz, 189 Wn.2d 588, 597, 404 P.3d 70 (2017) (a case is moot if a court cannot provide effective relief or the relief sought).

A person is guilty of malicious mischief if he or she knowingly and maliciously causes physical damage to the property of another. RCW 9A.48.090(1)(a). A person "acts knowingly" when he or she is "aware of a fact" or has "information which would lead a reasonable person in the same situation to believe that facts exist" that are "described by a statute defining an offense." RCW 9A.08.010(1)(b). A trier of fact is permitted to find knowledge if there is sufficient information that would lead a reasonable person to believe that a fact exists. State v. R.H.S., 94 Wn. App. 844, 847, 974 P.2d 1253 (1999). To be malicious, an act must evince "an evil intent, wish, or design to vex, annoy, or injure another person." RCW 9A.04.110(12). Malice may be inferred from acts done in willful disregard of the rights of another or an act wrongfully done without just cause or excuse. Id. This permissive inference is valid when "there is a 'rational connection' between the proven fact and the inferred fact, and the inferred fact flows 'more likely that not' from the proven fact." State v. Ratliff, 46 Wn. App. 325, 330-31, 730 P.2d 716 (1986) (quoting County Court of Ulster County v. Allen, 442 U.S. 140, 165, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979)).

J.R. contends there is no evidence she acted maliciously in causing damage to the soccer field and that, at most, her actions were negligent. But the evidence, taken in the light most favorable to the State, shows that J.R.'s actions went beyond a failure to exercise ordinary care. Negligent driving includes behaviors like failing to use a turn signal or indicator light or speeding. See Smith v. Fourre, 71 Wn. App. 304, 309-10, 858 P.2d 276 (1993) (jury allowed to find negligence where a truck driver failed to use a turn signal); Amrine v. Murray, 28

Wn. App. 650, 658, 626 P. 2d 24 (1981) (driving at a speed greater than that permitted by statute is negligence per se).

By contrast, J.R. intentionally accelerated and spun her car around in doughnuts. These actions damaged the gravel road. Her decision to drive in this reckless manner led her to lose control of the car and drive onto the soccer field, where she continued to spin her tires, leaving ruts of five or six inches in depth. Her loss of control and the damage she caused to the soccer field were reasonably foreseeable consequences of her reckless driving.

Moreover, Officer Kuschnereit testified that J.R. was nonchalant, laughing, and playing on her phone while he was talking to her, from which a trier of fact could conclude J.R. had little regard for the fact that she had driven so recklessly and caused so much damage to the gravel road and the adjacent soccer field. There is a rational connection between the evidence demonstrating that J.R. drove with the willful disregard for the rights of others and the inference that she acted with malice.

Viewing the evidence in the light most favorable to the State, there is sufficient evidence to demonstrate that J.R. knowingly and with "willful disregard of the rights of another" caused damage to the gravel road and the soccer field. Accordingly, we affirm her conviction for malicious mischief in the third degree.

Andrus, A.C.J.

WE CONCUR:

Dwyer, J.

Brunner, J.

- 5 -