IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39353-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RYAN L. OLEACHEA-AYALA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Ryan Oleachea-Ayala appeals his conviction for possession of a stolen motor vehicle. We affirm.

FACTS

Prosser resident Maria Mendoza left her green Chevrolet Malibu sedan running while she went inside to retrieve a forgotten item. When she came back outside, the car was gone. Ms. Mendoza had not given anyone permission to take her car, and she did not see who drove away with it. Ms. Mendoza contacted law enforcement and reported her vehicle was stolen. Law enforcement entered the vehicle's information into the statewide stolen vehicle system and issued an attempt-to-locate order for the Malibu.

Later that day, a Benton City resident noticed a green Chevrolet sedan arrive at the residence across the street from his home. The resident deemed the vehicle and its driver suspicious and forwarded information about the vehicle and driver, including surveillance

photographs, to the police. A review of the license plate number, as recorded by the

Benton City resident, showed the vehicle in question was the stolen Malibu. A Prosser

police officer reviewed the photographs and immediately recognized the driver of the

Malibu as Ryan Oleachea-Ayala.

The next day, a Richland police officer observed a greenish Malibu parked at an

apartment complex. Mr. Oleachea-Ayala was busying himself with something in the

vehicle's trunk. The officer ran the vehicle's license plate number and confirmed it was

the stolen Malibu. The officer requested backup and performed a stop. A key to the

Malibu was found on Mr. Oleachea-Ayala's belt loop.

After being read his *Miranda*[1] rights, Mr. Oleachea-Ayala agreed to provide a

statement. He said he was cleaning the car out for his buddy, James Tittle. When officers

asked where Mr. Tittle had obtained the Malibu, Mr. Oleachea-Ayala paused for a

moment and said, "It's stolen, huh?" Ex. 1 at 9 min., 18 sec. through 9 min., 25 sec.

Mr. Oleachea-Ayala claimed he had driven the car from Mr. Tittle's home to the

apartment complex, but that the vehicle had not been moved that day. Mr. Oleachea-

Ayala variously told the officers that the Malibu was Mr. Tittle's, that Mr. Tittle had

no cars, and that Mr. Tittle had possessed the car the previous day. He continued to insist

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

he came to the apartment complex merely to clean the car, but later stated that someone else—not Mr. Tittle—had told him that Mr. Tittle wanted him to clean it.

Law enforcement deemed Mr. Oleachea-Ayala's statements inconsistent and disbelieved his version of events. Personal items bearing Ms. Mendoza's name—such as prescription bottles—were plainly visible in the trunk of the car. Mail bearing Mr. Oleachea-Ayala's name and other personal items such as toiletries were also found in the Malibu.

In a subsequent recorded interview, Mr. Oleachea-Ayala continued to claim some friends had told him to clean the car out for Mr. Tittle. Mr. Oleachea-Ayala now claimed he had never driven the car. When Mr. Oleachea-Ayala was shown the photographs of the Malibu and its driver taken in Benton City, he disagreed that the photographs depicted him.

The State charged Mr. Oleachea-Ayala with one count of possessing a stolen motor vehicle. *See* RCW 9A.56.068. The State's witnesses testified to the foregoing facts. Mr. Oleachea-Ayala's recorded statement, as well as a Richland officer's body camera footage, were entered into evidence.

Mr. Oleachea-Ayala testified on his own behalf at trial. He explained he had been homeless before recently moving in with Mr. Tittle, a childhood friend. According to

3

Mr. Oleachea-Ayala, as far as he knew, the Malibu belonged to Mr. Tittle. Mr. Oleachea-Ayala testified that Mr. Tittle asked him to clean out the Malibu. Mr. Oleachea-Ayala claimed that he was cleaning the car as requested when police pulled up, and only then did he begin to realize the car was likely stolen.

Mr. Oleachea-Ayala acknowledged his personal items, including his mail and toiletries, were discovered in the Malibu. He claimed he had put his mail in the driver's side door when he picked it up, despite also claiming he had never driven the car. Mr. Oleachea-Ayala disputed that he was depicted in the Benton City photographs. He acknowledged he had ridden in the Malibu with Mr. Tittle, but claimed they had never discussed the car.

On cross-examination, Mr. Oleachea-Ayala claimed it never occurred to him that the vehicle might be stolen. However, when asked about his statement at the scene—"It's stolen, huh?"—Mr. Oleachea-Ayala explained, "It's just I've had a lot of instances or incidents with other people that it wouldn't surprise me if the vehicle was stolen or not." Rep. of Proc. (RP) (May 25, 2022) at 228; *see also id.* at 245-46. Mr. Oleachea-Ayala opined that it was not odd that Mr. Tittle would show up with a Malibu and not explain where it came from.

4

The trial court instructed the jury, including a to-convict instruction that properly required the jury to find that Mr. Oleachea-Ayala "acted with knowledge that the motor vehicle had been stolen." Clerk's Papers at 25; *see also* RP (May 25, 2022) at 261. The jury found Mr. Oleachea-Ayala guilty as charged. The trial court entered a judgment and sentence. Mr. Oleachea-Ayala timely appeals.

## ANALYSIS

Mr. Oleachea-Ayala's sole claim on appeal is that the State failed to present sufficient evidence to support the jury's guilty verdict. Specifically, he argues the State failed to present sufficient evidence that he knew the Malibu was stolen.

In a criminal case, the State bears the burden of proving every element of a charge beyond a reasonable doubt. *State v. Chacon*, 192 Wn.2d 545, 549, 431 P.3d 477 (2018). The sufficiency of the evidence may always be challenged for the first time on appeal. *See* RAP 2.5(a)(2). This court views the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the State, then asks whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). In this inquiry, circumstantial evidence is considered no less reliable than direct evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

5

"Mere possession . . . is insufficient to support a conviction for possession of a stolen vehicle." *State v. Jones*, 13 Wn. App. 2d 386, 401, 463 P.3d 738 (2020). The State must also prove that the defendant knew the vehicle was stolen. *See* RCW 9A.56.140(1). But when a motor vehicle has been recently stolen, the State's burden to prove knowledge is not onerous. "[P]ossession of recently stolen property combined with slight corroborative evidence of other inculpatory circumstances . . . will sustain a conviction." *Jones*, 13 Wn. App. 2d at 401. "Such corroborative evidence may include a false or improbable explanation of possession . . . ." *Id.*

Here, the circumstances surrounding Mr. Oleachea-Ayala's possession of the vehicle, when viewed in the light most favorable to the State, amply support an inference he knew the Malibu was stolen. Mr. Oleachea-Ayala provided police with an "improbable explanation" of his possession of the undisputedly stolen Malibu. *Id.* Mr. Oleachea-Ayala's equivocal statements regarding whether he had driven the Malibu and who had asked him to clean the Malibu were indicative of guilty knowledge. And the fact that Mr. Oleachea-Ayala had numerous personal belongings inside the vehicle undermined his claim that he was merely cleaning it out for Mr. Tittle.

The evidence presented by the State is sufficient to overcome Mr. Oleachea-Ayala's challenge.

No. 39353-4-III
*State v. Oleachea-Ayala*

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Cooney, J.

7